W. L. HENRY v. THOMAS L. CLAYTON.

*Motion to vacate judgment under § 133.*

On motion to set aside a judgment under section 133 of the Code, it appeared that defendant's case among others was set for trial on

Wednesday of the third week of the term, of which his counsel had two weeks' notice by a calendar, printed and distributed among the attorneys and litigants, and also published in a newspaper in the town where defendant resided and the court was being held; on call of the case, his counsel stated that defendant had mistaken the day and was absent attending to other matters, and the trial was postponed until the afternoon to allow time for the defendant to be sent for; on the second call of the case, a trial was had, the defendant being still absent but represented by counsel, and judgment was rendered against him; *Held,* that his neglect was inexcusable.

(*Griel* v. *Vernon,* 65 N. C., 76; *Burke* v. *Stokely, Ib.,* 569; *McLean* v. *McLean,* 84 N. C., 366; *Bradford* v. *Coit,* 77 N. C., 72; *Sluder* v. *Rollins,* 76 N. C., 271; *Waddell* v. *Wood,* 64 N. C., 624, cited, distinguished and approved.)

MOTION by defendant to set aside a judgment heard at Fall Term, 1880, of BUNCOMBE Superior Court, before *Gilmer, J.*

The judgment was rendered against defendant at spring term, 1880, and he moves to set it aside under section 133 of the Code. The following are the facts found by His Honor:

1. That the action was begun before a justice on the 18th of July, 1878, and judgment rendered on the 8th of August, 1878, for $176.20, from which the defendant appealed to the superior court.

2. That at spring term, 1880, of the last named court, the cause stood for trial, and was set for trial on Wednesday of the third week of the term.

3. That a calendar of the causes was made out for said spring term, fixing a day for the causes, which was published in the town papers, and printed and distributed to the attorneys and litigants, and this cause was set for trial on Wednesday of the third week upon said calendar, two weeks before such Wednesday.

4. That the defendant had employed counsel who appears

of record in the cause, was present at spring term, 1880, and knew of the day on which the cause was set.

5. That the defendant resides in Asheville, where the court was held, and could have known the day on which his case was set for trial by enquiring of his counsel, the clerk, or by reference to the calendar, and he was sick for two weeks and confined to his house until two or three days before Wednesday of the third week.

6. That on Wednesday of the third week of the term the cause was called for trial, and upon representation of the defendant's counsel to the court, that the defendant was under the impression that the case was set for Thursday, and had gone to his mill, two miles from town, the court adjourned the case till the afternoon to allow time for the defendant to be sent for.

7. That in the afternoon after a sufficient lapse of time for the defendant to have been sent for, the cause was again called for trial, and a trial had, the defendant not being present, but represented by counsel, who urged a further postponement, which was denied by the court.

8. That on the next day, Thursday of the third week of the term, defendant moved for a new trial upon his affidavit, which was refused by the court.

9. That on Saturday thereafter, the defendant made another affidavit, and another motion made thereon for a new trial, or to set aside the verdict, which the court also refused, whereupon the defendant gave notice of appeal which was not perfected nor prosecuted beyond such notice.

It was adjudged that the defendant's motion be denied with costs to the plaintiff, and the defendant appealed.

*Mr. C. A. Moore*, for plaintiff.
*Messrs. T. F. Davidson* and *J. H. Merrimon*, for defendant.

ASHE, J. We concur with His Honor in his conclusion

that the defendant is guilty of inexcusable neglect. The facts in cases like this are so various, that it is difficult to lay down any general rule for guidance, but each case must depend upon its particular circumstances.

But though there may be some apparent conflict in the decisions, we think the distinction is well marked between those cases, where the negligence is to be imputed to the attorney and the party is not in default, and where the party himself is guilty of the negligence. So it was held in the case of *Griel* v. *Vernon*, 65 N. C., 76, that a judgment taken by default for want of a plea is a surprise upon a party under the Code of Civil Procedure, § 133, where he has employed an attorney to enter his pleas and such attorney has neglected to do so, and the neglect of the client to examine the records to see whether his pleas have been entered is an excusable neglect. This case is distinguished from that of *Burke* v. *Stokely*, 65 N. C., 569. There, an attorney was written to by the defendant, but it did not appear that he had ever received the letter. Neglect therefore could not be imputed to the attorney, but it was the duty of the defendant, either in person or otherwise, to ascertain whether the attorney had received his letter, and if he had not, to take further steps for his defence. But he did nothing of the kind. Relying upon the chances of the mail to carry his letter, he made no inquiry about his case until after judgment, and it was held not to be excusable neglect.

It is also distinguishable from the case of *McLean* v. *McLean*, 84 N. C., 366, where a summons was regularly served upon the defendant, and the counsel employed by him failed to enter his pleas, and the defendant made no inquiry as to the disposition of his case until nearly five years after rendition of the judgment; it was held that his laches were inexcusable.

Our case is rather governed by the decisions in *Bradford* v. *Coit*, 77 N. C., 72, and *Sluder* v. *Rollins*, 76 N. C., 271. In

the first, where a case was set for trial by consent on a certain day, and it appeared that a party had not determined to attend court until after the term began, and not then unless advised by counsel that it was absolutely necessary, and after correspondence with his counsel concerning the trial of the case, failed to reach court before the trial, and judgment was taken against him, it was held not to be excusable but gross neglect.   In the latter case, which more resembles ours, the defendants were in the town in which a court was in session, at which a judgment was rendered against them, and they did not communicate the nature of their defence to their counsel or file an answer; it was held they were guilty of inexcusable neglect and not entitled to have the judgment vacated.   To the same effect is *Waddell* v. *Wood,* 64 N. C., 624.

Here, the defendant resided in the town of Asheville where the court was being held, and his attorney was in attendance upon the court.   If he had exercised the ordinary vigilance which is expected of every suitor in a court of justice, he could easily have ascertained the day when his case was set for trial.   He could have done so by referring to the calendar, or by applying to his attorney, or to the clerk of the court, but instead of so doing he left the town and remained absent during the day.   After calling his case for trial in the morning of the day on which it was set for trial, the court indulged his counsel until the afternoon that he might have an opportunity of sending for him.   Whether he sent or not does not appear, but it was no part of the professional duty of his counsel to send into the country for him.   The neglect was his, not that of his counsel.   " He failed to give that amount of attention to his case which a man of ordinary prudence usually gives to his important business." *Sluder* v. *Rollins, supra.*   This neglect is therefore inexcusable.

There is no error.   The judgment must be affirmed.

No error.                                       Affirmed.