### H. WEIL & BROTHER v. JOHN E. WOODARD et al.

*Vacating Judgments—" Excusable Neglect"—Jurisdiction.*

1. Upon an application to relieve a party from a judgment, because of mistake, surprise, or excusable neglect, it is the exclusive province of the Judge hearing the matter to find the facts, and his finding is not reviewable.

2. When the Judge grants the relief, *in the exercise of his discretion*, that conclusion is also not reviewable; but whether the facts found constitute, in law. mistake, inadvertence, surprise, or excusable neglect, may be reviewed, and if it be determined that the Court below erred therein, the judgment will be corrected, and the motion remanded, to the end that the trial Judge may exercise the discretion conferred on him alone by the statute.

3. When notice had been issued to the purchasers at a judicial sale to appear at a term of the Court and show cause why the deeds theretofore made them by the commissioners appointed to make the sale should not be set aside and a re-sale directed, appeared · as notified and were informed by one of the commissioners, who was also the attorney of the plaintiffs in the action, that no judgment would then be asked against them, and that he was satisfied the matter would be satisfactorily arranged before next term, and the other commissioner assured them that it was entirely unnecessary for them to employ counsel, that they were ignorant persons, that they relied upon these statements and took no further steps to answer the motion, that at the next term, without their knowledge or consent, a decree was signed, but not entered on the minutes allowing the motion : *Held*, to constitute such excusable neglect as would justify the Court in setting aside the judgment.

This was a MOTION to set aside a judgment, heard before *Armfield, J.*, at February Term 1889 of Wilson Superior Court.

This action was brought to foreclose a mortgage of real estate, and a decree of foreclosure thereof, directing a sale of the land to pay the mortgage debt, and appointing commissioners to make such sale, execute deeds to the purchasers, &c., &c., was passed at the Fall Term of 1885 of the Superior Court. The commissioners accordingly, afterwards made such sale, at which the appellees, each respectively, purchased certain tracts of land so sold. They afterwards purported and intended, by an arrangement, which they insist was a valid payment, but which the appellants contend was not a valid and efficient payment, to pay to the commissioners, or particularly to one of them, the purchase money for the land they respectively so purchased, and the commissioners executed to them respectively, or to certain persons by their direction, deeds of conveyance to the land. Such sale was reported to the Court, and confirmed by proper order at February Term thereof of 1886.

Afterwards, on the 25th day of May, 1888, the plaintiffs notified the appellees, as such purchasers, that they would enter a motion at the June Term of that year of the Court, " to set aside the deeds that had been made as aforesaid," and for an order directing a re-sale of the land sold to them respectively, upon the alleged ground that they had not paid the purchase money for the land which they respectively bid for it, and had not complied with the order of sale thereof, &c.

The appellees attended the last mentioned term of the Court, and one of the commissioners assured them " that it was entirely unnecessary for them to employ counsel, and that the land had in each case been fully paid for, and could not be re-sold," and, at the same term, the other commis-

sioner, who was then and had before that time been the counsel of the plaintiff in the action, informed them " that no judgment would then be asked for against them ; that he was satisfied that his co-commissioner would arrange matters before the term following, and the impression made on their minds (they being ignorant persons and entirely unacquainted with the forms of law), was that the purpose of Mr. Blount was to coerce his co-commissioner into a settlement, and that he certainly would not ask for an order of re-sale without further notice to them;" "they did not hear of the alleged order of re-sale till December last, and then, for the first time, they employed counsel in the matter of the motion."

Afterwards, at the November Term of the Court of 1888, the Court, at the instance of the plaintiffs, made an order requiring the appellees each to pay into Court the sum of money he had bid for the land so purchased by him by a time specified, and in default of such payment, directing a re-sale of the land, &c. The appellees did not consent to such order, or know of the same, until in December next afterwards. There is no entry of record of the order of re-sale ; the Clerk of the Court knew nothing of it and no record entry of it was ever made. It was withheld from the papers of the case by plaintiffs' counsel, " out of tender consideration for the feelings of his co-commissioner, who, it was hoped to the last, would adjust matters."

Afterwards, at the February Term of 1889 of the Court, the appellees moved to set aside the order of re-sale of the land last above mentioned, upon the ground of their excusable neglect in failing to appear and make opposition to the grant of such order, &c. &c. The Court heard the motion, and having found the facts, from affidavits submitted, the material parts of which are substantially stated above, it ordered and adjudged, " that the failure of the respondents, (the appellees) to answer the affidavit of petitioners in the

cause filed at June Term of 1888, by the plaintiffs, * * * was due to excusable negligence on the part of the respondents, and that the two orders aforesaid (the orders of re-sale and reference) be now stricken out, and that the defendants are here allowed at this term to answer said petition." The appellants, having excepted, appealed.

*Messrs. Fred. A. Woodard* and *H. F. Murray,* for the plaintiff.

*Mr. Jacob Battle,* for the defendants.

MERRIMON, J. (after stating the case). It is the exclusive province of the Judge of the Superior Court to find the facts of the matter in applications to " relieve a party from a judgment, order or other proceeding taken against him, through his mistake, inadvertence, surprise or excusable neglect," as allowed by the statute ( *The Code,* § 274), and such findings of the facts are not reviewable by this Court. And if the facts so found in any such case, in any reasonable view of them, constitute such " mistake, inadvertence, surprise or excusable neglect," and if the Judge grants the motion, in the exercise of his sound discretion, this Court has no authority to reverse or disturb his action, because the statute makes the discretion his. . It is, however, the duty of this Court on appeal, to determine whether or not the facts as found by the Judge below, in any reasonable view of them, constitute such " mistake, inadvertence, surprise or excusable neglect," and if they do not, then the order of the Court allowing the motion will be reversed; or, if the Court below denies the motion, upon the ground that the facts do not present a case for the exercise of his discretion in allowing or disallowing it, then this Court may review his decision, and if it decides that there is error, then the Judge below must exercise his discretion and allow or disallow the motion.

This is settled by numerous decisions. *Branch* v *Walker*, 92 N. C., 91; *Foley* v. *Blank,* Id., 476; *Beck* v. *Bellamy*, 93 N. C., 129; *Winborne* v. *Johnson*, 95 N. C., 46.

It seems to us clear that the facts found in the case show excusable neglect on the part of the appellees in their fail- ure to interpose their objection to the motion of the plain- tiffs for an order of re-sale of the land at the June and November Terms of 1888 of the Court. They were not, reg-ularly, parties to the action, and were not brought into it by summons; nor were they brought into it for any of its principle purposes; they were simply notified, not by the process or under the direction of the Court, as to a matter and motion incidentally affecting them as purchasers of the land, and such a purpose as the plaintiffs might, in their discretion, abandon at their pleasure, without having the Court make any order, or entry of record, or take any action in respect to it, and hence, they might discharge the parties of the notification given altogether, or for a time specified, or until they should receive further notice. The appellees were not in Court and parties to the action by virtue of any regular or other process of the Court; they had only notice of the plaintiffs, which the latter could control.

The appellees, in pursuance of the notice to them, attended the Court at the June Term thereof of 1888, but did not appear in the action. While they were there, intending to make resistance to the proposed motion of the plaintiffs for a re-sale of the land, the counsel of the latter, who had authority in law so to do, and who was also one of the commissioners who sold the land, assured them "that no judgment would then be asked for against them; that he was satisfied that his co-commissioner would arrange matters before the term following," and the impression was made on their minds by the counsel that the purpose "was to coerce his co-commissioner into a settlement, and that

he certainly would not ask for an order of re-sale without further notice to them." This is found as a fact. No further notice was given; nevertheless, at the next November Term of the Court the order of re-sale was taken, but not spread upon the record; the Clerk of the Court did not know that the Court had signed it, nor was it filed among the papers in the action, and the appellees knew nothing of it until in December next afterwards.

Now, in view of the nature of the proposed motion, the relation of the appellees to it when made, the character of the notice given them, the assurances given them that no action would be taken until further notice, coming from the plaintiffs' counsel, they might well—certainly not imprudently—delay to employ counsel until the plaintiffs had settled their purpose to move for the order of re sale of the land, and give them further notice accordingly. Moreover, the other commissioner, who seems to have been in some serious default, assured them "that it was entirely unnecessary for them to employ counsel, and that the land had, in each case, been fully paid for, and could not be re-sold." This commissioner was one of the agents of the Court, and, in a sense, of the plaintiffs, to sell the land, and the appellees being ignorant men—it appears that they were—might not, unreasonably, the more readily act upon the assurances given them by the plaintiffs' counsel. They certainly intended to resist the motion, and the facts show that they confidently expected to make serious opposition to it, and this the plaintiff and their counsel knew. Their purpose was not captious and trifling, but serious. We cannot hesitate to decide that the Court below properly held that there was excusable negligence.

Affirmed.