DANIEL MARION v. JOHN TILLEY.

*Findings of Fact by Judge—Practice—Appeal from Court
of Justice of the Peace—Notice.*

1. Where, on the hearing of a motion to set aside a judgment for
   excusable neglect, the trial judge finds the facts by consent,
   such findings, when there is any evidence such as would be
   submitted to a jury, are conclusive and not reviewable on
   appeal.

2. The provision of Section 877 of *The Code* that, when the adverse
   party is present when appeal is prayed from a justice's judg-
   ment, written notice of appeal need not be given to the jus-
   tice or the adverse party, implies that when the appellee is
   not present in person or by attorney or agent the statutory
   notice must be given and served.

MOTION to set aside a judgment under Section 274 of
*The Code*, heard before *Hoke, J.*, at Fall Term, 1896, of
STOKES Superior Court. From an order setting aside the
judgment the defendant appealed. The facts appear in
the opinion of Chief Justice FAIRCLOTH.

*Messrs. Jones & Patterson*, for plaintiff.
*Mr. A. M. Stack*, for defendant (appellant).

FAIRCLOTH, C. J.: Plaintiff brought this action against
defendant in a justice's court and obtained a judgment in
December, 1894. The defendant prayed an appeal in open
court. At Spring Term, 1896, of the superior court the
defendant recovered judgment against plaintiff, who, within
one year, upon notice, moved to set aside the judgment on
the ground of excusable neglect under Section 274 of *The
Code*. His Honor, by request, upon affidavits, found the
facts as follows: That at the trial before the justice of
the peace the defendant prayed an appeal in open court.
That at said trial the plaintiff was not present, either in

MARION *v.* TILLEY.

person, by attorney or agent, and that King (the supposed agent) nor the justice was authorized to act as plaintiff's agent, nor to accept or waive service of notice of appeal. That the appeal was taken and prosecuted without any notice given or served on the plaintiff, and without the plaintiff being present in person or by attorney. His Honor adjudged that the judgment at Spring Term, 1896, was irregular, and was taken by surprise and excusable neglect, and was contrary to the course and practice of the court, and ordered the same to be set aside and that the case be restored to the docket for trial, plaintiff waiving notice. The defendant appealed, and insists that his Honor erred in holding that the notice given at the justice's trial was not valid and in his findings of fact.

His Honor was the sole judge of the weight and credibility of the evidence, and his findings of fact are conclusive upon this Court, when there is any evidence such as would be submitted to a jury upon such an issue raised by pleadings, and his findings of fact are not reviewable. *Code,* Sec. 274; *Weil v. Woodard,* 104 N. C., 94.

In all cases the appellee is entitled to notice of an appeal as provided by statute. An appeal must be taken within ten days after judgment rendered or within ten days after notice thereof. Act 1889, Ch. 161; *Code,* Sec. 549. Notice of appeal must be served within ten days after judgment, or if there was process not personally served and no answer is filed the notice of appeal may be filed within fifteen days after notice of the rendition of the judgment. *Code,* Sec. 876. Parties regularly in court are charged with knowledge of all subsequent proceedings, without service of a copy, unless specially directed, which was not the rule of practice in England. *Collier v. Bank,* 1 Dev. & Bat. Eq., 328. When notice of appeal in a justice's court is given, and the adverse party is present in

person or by attorney, the appellant is not required to give any notice either to the justice or to the appellee, (*Code*, Sec. 877,) and this plainly implies if the appellee is not present when the appeal is prayed that the statutory notice must be given and served. *State v. Johnson*, 109 N. C., 852. We think his Honor's legal conclusion on the facts found was correct. The cases cited by defendant's counsel do not apply to the questions presented, as in this case, under *The Code*, Sec. 877. The rule requiring parties to be charged with notice of all orders made in the progress of the action after legal service is just and reasonable, otherwise either party could delay the court and subject the other party and the witnesses to an unreasonable expense and inconvenience.

Affirmed.