HIRAM NORTON v. W. H. McLAURIN and W. H. FITTS.

(Decided November 14, 1899).

*Motion to Set Aside Judgment—Excusable Neglect—Of Counsel—Of Client—The Code, Sec. 274—Judgment, When Final—Appeal.*

1. The findings of fact by the Judge are final, unless:
   (a) Upon an exception that there was no evidence as to some fact found.
   (b) Upon failure to find material facts.
   (c) Or, that after a correct finding that there was excusable negligence, the Judge grossly abused his discretion in setting aside or refusing to set aside a judgment.
   Cases within these excepted instances, are appealable.

2. The discretion to set aside a judgment is not given by the statute (Code, sec. 274), unless there has been excusable neglect. If the Judge finds correctly that the negligence was inexcusable, that ends the motion; if he finds correctly that the negligence was excusable, his disecretion to set aside, or not, is irreviewable, unless in case of gross abuse of discretion.

3. The negligence of counsel will not excuse, if the client himself nas been neglectful.

4. Before granting an application to set aside a judgment, the Court should find, as a material fact, that the defendant has a meritorious defense.

CIVIL ACTION heard before *Robinson, J.*, at May Term, 1899, of RICHMOND Superior Court, upon a motion by defendants to set aside a judgment rendered at April Term, 1899, for excusable neglect, under sec. 274 of The Code. Motion heard upon affidavits and counter-affidavits. His Honor found the following facts, and rendered the following judgment:

This cause coming on to be heard upon motion of defendant to set aside the judgment rendered at April Term, 1899,

on account of the excusable neglect of defendants, the Court finds the following facts, viz. :

That summons in said action was issued January 4, 1899, and personally served on the defendants on January 6, 1899; that the complaint was filed on January 23, 1899, during the return term, and John D. Shaw, Jr., had notice of the fact that said complaint would then be filed; that no order was made by the Court allowing the defendants time to file answer or bond, the action being an action of ejectment, but the attorneys of defendants supposed, and had reason to suppose, a general order had been made for time to file pleadings in said cause; that at the April Term, 1899, of said Court, on Tuesday of said term, H. F. Seawell, one of the attorneys for the plaintiff, in open court moved for judgment by default for want of answer and for want of a bond; that said Seawell did not know who was the attorney for defendant, or whether any member of the bar appeared for said defendants, no attorney being marked on the record; that at said time J. D. Shaw, Jr., attorney for the defendants, was in the court-room, and if he had been paying any attention would have heard said motion, but said attorney was not advertent to said motion, and the matter was not expressly called to his attention; that on the said next day a general order was entered to allow 30 days to file complaints and 30 days thereafter to file answers; that no order for time to file bond was made; that the judgment herein was regularly entered, and on the 20th day of May, 1899, execution was issued in said cause on said judgment, which was the first actual notice to defendants of the taking of said judgment; that up to said issuance of execution no answer had been filed by either of said defendants and no bond filed; that said John D. Shaw, Jr., is solvent:

Whereupon, the Court, in the exercise of its discretion, adjudges that said judgment be set aside on account of the

excusable neglect of defendants, and said defendants have 30 days after the adjournment of this court in which to file an answer and bond required by the statute upon these conditions, which the Court adjudges to be reasonable and just: i. e., that said defendants execute a bond in the sum of $1,200, payable to the plaintiff, conditional for the faithful payment to said plaintiff of all damages which he may sustain by reason of any trespass upon the lands involved in said action since the 4th day of January, 1899, until the final determination of this action; that said bond be made and justified before, and approved by, the Clerk of this court, within 20 days, and unless this part of this judgment is complied with within the time prescribed, then the judgment of April Term, 1899, be not set aside, but the same to remain in full force and effect.                W. S. O'B. ROBINSON,
*Judge Presiding.*

To the foregoing finding of facts the plaintiff excepted, and from the judgment rendered the plaintiff appealed to the Supreme Court.

*Seawell & Burns,* for appellant.
*J. D. Shaw & Son,* for appellees.

CLARK, J.    This is a motion to set aside a judgment for excusable neglect under The Code, sec. 274.    The findings of fact by the judge are final (*Weil v. Woodard,* 104 N. C., 94; *Albertson v. Terry,* 108 N. C., 75; *Sykes v. Weatherly,* 110 N. C., 231), unless upon an exception that there was no evidence as to some fact found by him, (*Marion v. Tilley,* 119 N. C., 473) or failure to find material facts, *Smith v. Hahn,* 80 N. C., 241.    Upon the facts found the Judge finds as a conclusion of law whether there has or has not been excusable neglect, and from such conclusion either side may appeal.

*Winborne v. Johnson,* 95 N. C., 46; *Weil v. Woodard, supra.* If he finds correctly that the negligence was inexcusable, of course that ends the motion to set aside the judgment. If he finds correctly that the negligence was excusable, then whether he will or will not set the judgment aside is in his irreviewable discretion (*Manning v. Railroad,* 122 N. C., 824; *Stith v. Jones,* 119 N. C., 428; *Sykes v. Weatherly, supra; Winborne v. Johnson, supra,* and cases therein cited), unless in case of gross abuse of discretion (*Wyche v. Ross,* 119 N. C., 174), but the discretion to set aside is not given by the statute (Code, 274), unless there has been excusable neglect. This is a summary of the cases on this subject. From this it will be seen that no appeal lies except from the finding of law, upon the facts found, that there was or was not excusable negligence; save in the rare cases when it is excepted that there was no evidence to support a given finding of fact or a failure to find material facts, or that after a correct finding that there was excusable negligence, the Judge grossly abused his discretion in setting aside or refusing to set aside a judgment.

In this case the Judge found that the summons was duly served on defendants more than ten days before court, and a verified complaint filed within the first three days of the first term, that no order was made extending time to file answer and bond in this case, nor any general order of that kind, but defendants' attorney had reason to believe a general order had been made at that term giving time to file pleadings; that at the second term of court no attorney having yet appeared or entered his appearance for defendants, no answer or demurrer being filed, nor any bond filed as required by The Code, sec. 237 (this being an action of ejectment), judgment was taken in open court by default final for the land and by default and inquiry as to the damages, which

judgment was regularly taken and entered up, the defend-
ants' counsel being then present in court, and "if paying
attention would have heard the motion;" that the next day a
general order was made allowing 30 days to file pleadings,
but no order was made to extend time for filing defense
bonds.   It is further found as a fact that the defendants'
attorney is solvent.

Upon these findings of fact the Court adjudged there was
excusable negligence, and in his discretion set the judgment
aside.    The latter action would have been irreviewable if
the finding of law had been correct that there was excusable
neglect.    But the negligence was not excusable.    (1) In the
late case of *Vick v. Baker*, 122 N. C., 98, it is said: "It does
not appear, and it is not averred, that the defendants filed
the bond required by sec. 237 of The Code, or were excused·
from filing it, and the judgment by default was authorized by
The Code, sec. 390 (*Jones v. Best*, 121 N. C., 154), even if
there had been excusable neglect in failing to file answer."
This case is stronger than either of the two cases just cited,
for it appears affirmatively that the defense bond was not
filed even at the second term, and that no order either general
or special, was made to extend time for filing it.    This bond,
The Code, sec. 237, requires the defendant, in actions to
recover real estate, to file before he can answer or demur.
The failure to file this bond was the negligence of the defend-
ant himself, and no excuse whatever is shown relieving him
from the judgment authorized by The Code, sec. 390, upon
his failure to file it.    When a man has business in court, it is
his duty to attend to it, and at the proper time.

Besides (2), the neglect of counsel will not excuse if the
defendant himself has been neglectful (*Manning v. Railroad,
supra*), and it is not shown that defendants took any interest
in the case, attended court, gave any instructions to their

attorney, or asked any from him.   The employment of counsel did not relieve them of all attention to the case.   It was still their duty to look after the matter and give the case at least "such attention as a man of ordinary prudence usually gives to his important business."   *Roberts v. Allman,* 106 N. C., 391; *Whitson v. Railroad,* 95 N. C., 385; *Henry v. Clayton,* 85 N. C., 371; *Sluder v. Rollins,* 76 N. C., 271. The burden was upon the defendants to show this, and they have not shown that they gave the case any attention whatever, and this is inexcusable negligence.   *Whitson v. Railroad, supra; Cowles v. Cowles,* 121 N. C., 272.   It does not appear, except inferentially, that they even had counsel employed at the first term.   Further, it is not even found by the Court, nor was he asked to find, that the defendants had a meritorious defense should the judgment be set aside. *LeDuc v. Slocomb,* 124 N. C., 347; *Mauney v. Gidney,* 88 N. C., 200.

Judgment below is reversed.