This is a petition to rehear this case, in which the judgment below was affirmed at the last term by a per curiam decision, 132 N.C. 1149. Percuriam decisions are made after as full consideration by the Court as those in which opinions are filed, but the principles involved being well settled, it is not deemed necessary to duplicate reasons which are to be found in other opinions.
On reargument we see no reason to change our former conclusion. This was an appeal from a refusal to set aside a judgment by default and inquiry on the ground alleged of excusable neglect. The code, sec. 274. The affidavits of both sides are sent up in the record, but improperly, for we cannot consider them, since the findings of fact by the judge are conclusive on appeal. Norton v. McLaurin, 125 N.C. 185; Sykes v. Weatherly, 110 N.C. 131;Albertson v. Terry, 108 N.C. 75; Weil v. Woodard, 104 N.C. 94, and other cases cited in Clark's Code (3 Ed.), p. 311. *Page 342 
The facts found by the judge are, in substance, that the appellant and another, both living in Raleigh, were served in due time before court with a summons in an action for libel returnable to June Term, 1901, of Guilford Superior Court. His codefendant appeared by counsel, obtained extension of time for answering, and filed answer at the next succeeding term. The appellant made no appearance (429) by attorney or in person, filed no answer or other pleading, and the plaintiff, having filed a verified complaint, took judgment by default and inquiry. When the summons was served upon the appellant he applied to a law firm in Raleigh, who told him they did not attend regularly the courts in Guilford, but advised him to employ another counsel, also residing in Raleigh, who frequently attended the Guilford courts; and the appellant did so, said counsel drawing a demurrer, which, according to his best impression, was, immediately upon being drafted, mailed to the clerk of the Superior Court of Guilford, but whether addressed to J. N. Nelson (the name of such clerk) said counsel is not certain; but he took the demurrer, stating at the time he would mail it, whereupon said law firm told the appellant that as the case stood on a matter of law, it would not be necessary for him to go to Guilford court till notified by counsel, as that docket was crowded and the case could not be reached in some time. The records of the court fail to show any demurrer or other pleading having been filed by the appellant, and the clerk has no recollection of ever receiving any by mail or otherwise. The judge further finds that neither the law firm first employed by the appellant, nor the other counsel called in on their recommendation, attended Guilford Superior Court regularly, though the latter usually did so; that regular terms of the Superior Court were held in Guilford in June, August, September, October, and December, 1901, and January, 1902, as provided by law, at none of which (six consecutive terms) any counsel for appellant was present. At the February Term, 1902, being the sixth term after that at which the judgment was taken, a motion to set it aside was made by a counsel resident in Greensboro, who was then first employed by the appellant. The appellant did not learn of the judgment by default and inquiry till said February Term, 1902, at which time, said counsel being confined to his bed by illness, the appellant went to (430) Greensboro in person and employed counsel there to move to vacate the judgment, and that the appellant has a meritorious defense.
Upon the above facts his Honor properly held that the negligence of the appellant was not excusable. This Court has always held that to hold a party excusable when his counsel has been negligent, he must *Page 343 
have employed counsel "regularly attending the court" in which the action is pending, or "who engages to go there specially to attend to the matter." Manning v. R. R., 122 N.C. 828. Here the judge finds that neither of the counsel spoken to by the appellant regularly attended Guilford Superior Court, and neither engaged to go there to attend to filing the demurrer, for the client promised that he would send the paper by mail. Had the appellant employed counsel regularly attending that court, or engaged counsel specially to attend June Term, 1901, such counsel would have known that the demurrer was not filed, and could have filed it at any time up to the moment of adjournment, and this matter would not be now before the courts. The appellant had ample time to get counsel in Greensboro (as he did later) or to employ counsel who would agree to go there, but he contented himself with nonresident counsel, promising to send a paper by mail himself, and let his case make its own way in court, like a log floating down a stream, without any attention or inquiry till the sixth term thereafter. For six terms he does nothing, has no one regularly attending the court (or agreeing to regularly attend it for this case) to give it attention for him, and then at the seventh term he interrupts the trial of other business which has been regularly attended to by asking the court to relieve him from the consequences of his negligence and a judgment by default and inquiry, which had been regularly taken in due course. Even if the appellant had employed counsel regularly attending the court, his failure to pay any attention to the matter for so many terms was inexcusable. Whitson v. R. R., 95 N.C. 385. Had he inquired, (431) he would have learned that none of his counsel had been to Greensboro, and that they knew no more about the status of his case and whether or not the demurrer had been filed than he did. The employment of counsel did not relieve him of all responsibility, but he must still "give it that attention which a prudent man gives to his important business."Sluder v. Rollins, 76 N.C. 271; Roberts v. Allman, 106 N.C. 391, cited with approval in Pepper v. Clegg, 132 N.C. 315. Failure of a party to attend court because he knew nothing personally about the cause of action and "because his counsel knew of his defense" was held not excusable neglect. Waddell v. Wood, 64 N.C. 624. "A defendant does not abandon all care of his case when he has engaged counsel to look after it." Roberts v.Allman, supra; Henry v. Clayton, 85 N.C. 371; Vick v. Baker, 122 N.C. 98. Those were all cases where counsel were actually present at the court. Here the appellant not only had no counsel there and knew that the counsel he retained did not expect to attend the June Term (for the demurrer was to be sent by mail), but makes no inquiry and learns nothing of the fate of his case till the *Page 344 
seventh term. Had he even made inquiry after June Term was closed he would have found that the demurrer had not been filed and that judgment by default and inquiry had been taken, and if he had moved at August Term, at which term the plaintiff had agreed that the other defendants should file answer, it is probable no objection would have been made to striking out the judgment and giving the appellant the same favor. The fact that the appellant has a meritorious defense has no effect, if his failure to assert it at the proper time was not due to excusable neglect, for it is only when there is excusable neglect shown that it must further appear that the defendant has a meritorious defense. Turner v. Machine Co., ante, 381.
(432) Fortunately, however, for the defendant, the judgment by "default and inquiry" carries only a judgment for a penny and costs. Such judgment, says 2 Black on Judgments, sec. 698, "merely admits a cause of action, while the precise character of the cause of action and the extent of the defendant's liability remain to be determined by a hearing in damages and final judgment thereon, the cause of action is not merged in the judgment, and the rights of parties, beyond the mere admission of a cause of action, are neither strengthened nor impaired thereby." Welch v. Wadsworth, 30 Conn. 149; 79 Am. Dec., 239. Our own decisions hold to the same effect, that a judgment by default final under The Code, sec. 385, admits the allegations of the complaint, but a judgment by default and inquiry admits only a cause of action and carries only nominal damages and costs, the burden of proving any damages beyond a penny being still upon the plaintiff. Parker v. Smith, 64 N.C. 291; Parker v.House, 66 N.C. 374; Rogers v. Moore, 86 N.C. 85; Anthony v. Estes,101 N.C. 541.
Petition dismissed.
Cited: S. v. Munn, 134 N.C. 682; Chaffin v. Mfg. Co., 135 N.C. 102;Osborn v. Leach, ib., 629; Junge v. McKnight, 137 N.C. 288, 294; Stocktonv. Mining Co., 144 N.C. 600; Blow v. Joyner, 156 N.C. 142; Allen v.McPherson, 168 N.C. 347, 438; Hyatt v. Clark, 169 N.C. 179; Gardiner v.May, 172 N.C. 194; Ham v. Person, 173 N.C. 73; Jernigan v. Jernigan,179 N.C. 240. *Page 345 
(433)