MRS. CORNIE WHITE ABBITT v. W. N. GREGORY AND THE
DAVISON CHEMICAL COMPANY.

(Filed 22 February, 1928.)

**1. Removal of Causes—Power to Remove—Effect of Erroneous Judgment
For Removal—Judgments—Status of Erroneous Judgment.**

An order of the clerk of the Superior Court, having jurisdiction of a
motion to remove a cause from the State to the Federal Court for diver-
sity of citizenship under the provisions of 3 C. S., 913(b), that the cause
be removed as prayed by the defendants, meeting the requirements of the
Federal statutes relating thereto, and made in apt time, is not void, and
when improperly made is erroneous.

**2. Judgments — Setting Aside for Surprise, Excusable Neglect, etc. —
Grounds Therefor—Judgment by Default and Inquiry—Removal of
Causes.**

Where a cause has been remanded to the State from the Federal Court
by the latter court, and the clerk of the former court has had entered,
without notice to defendant, a judgment by default and inquiry for the
want of an answer, pending the disposition of the cause in the Federal
Court, and the order of remand has been regularly made, upon motion of
the plaintiff's attorney, the judge of the Superior Court of the State hav-
ing jurisdiction may set aside the judgment by default and inquiry upon
the ground of mistake, inadvertence, surprise, or excusable neglect, upon
the showing of a meritorious defense. C. S., 600.

**3. Judgments — Setting Aside for Surprise, Excusable Neglect, etc. —
Requisites for.**

In order for the trial judge to set aside a judgment of the clerk of court,
for default of an answer, C. S., 600, the judgment in question must be a
valid one, and regularly entered.

**4. Removal of Causes—Effect of Removal—Further Proceedings in State
Court — Judgments — Setting Aside for Excusable Neglect, etc. —
Grounds Therefor.**

Where the clerk of the State court has erroneously granted defendant's
motion to remove a cause from the State to the Federal Court on the
ground of diversity of citizenship under the provisions of the Federal
Removal Act, the moving defendants may assume that no further pro-
ceedings be had in the State court until the cause has been remanded
from the Federal Court, and where a judgment by default and inquiry
has been entered therein for the want of an answer, without notice, noth-
ing else appearing to show laches on the part of defendants' attorneys,
upon relevant findings of the trial judge, including that of meritorious
defense, the action of the trial judge in setting aside the judgment and
permitting the defendant to file answer will not be disturbed on appeal.

**5. Appeal and Error—Review—Questions of Fact and Findings on Appeal
from Order of Removal.**

Where there are no exceptions to the evidence introduced, and the
facts found thereon are conclusive on appeal to the Supreme Court, and

the judge's conclusions of law are alone reviewable on appeal from an order setting aside a judgment on the grounds of the defendants' mistake, surprise, or excusable neglect. C. S., 600.

**6. Appearance — What Constitutes General Appearance — Service — Acceptance of Service—Judgments in Rem, in Personam.**

Where attachment proceedings in an action against nonresident defendants have been made against their property situate in this State in order to confer jurisdiction on our court, and the defendant has moved here for setting aside a judgment against him for surprise, mistake, excusable neglect, etc., it is a general appearance in our courts, and a submission to their jurisdiction, and a waiver of service of summons, and a judgment rendered in the action against them is not restricted to a judgment *in rem,* but is also one *in personam.*

APPEAL by plaintiff from judgment of *Midyette, J.,* rendered as of 12 November, 1927. From PERQUIMANS. Affirmed.

Motion by defendants that judgment by default and inquiry signed by the clerk of the Superior Court of Perquimans County in this action in favor of plaintiff and against defendants, on 26 September, 1927, be set aside and vacated, and that defendants have leave to file answers to the complaint of plaintiff, filed on 12 July, 1927.

From judgment upon the facts found by the judge, setting aside and vacating the judgment by default and inquiry, and directing that defendants be allowed to file answers, in accordance with their motion, plaintiff appealed to the Supreme Court, assigning error based upon her exception to the judgment.

*Battle & Winslow, Wilcox, Cooke & Wilcox, Ehringhaus & Hall and McMullan & LeRoy for plaintiff.*

*Garnet, Taylor & Edwards and L. I. Moore for defendant, Gregory.*

*Jesse N. Bowen and Stephen C. Bragaw for defendant, The Davison Chemical Company.*

CONNOR, J. Plaintiff prays judgment in this action that she recover of defendants the sum of $30,888, or some other large sum. She alleges as her cause of action that defendants jointly and collusively committed a fraud upon her with respect to the sale of certain shares of stock of the Eastern Cotton Oil Company, which she had formerly owned, and which she had sold to the defendant, The Davison Chemical Company upon the solicitation of defendant W. N. Gregory. She alleges that said sale was procured by means of certain false and fraudulent representations made to her as a stockholder of said Oil Company, by defendant Gregory, general manager and director thereof, acting therein in his own behalf and in behalf of his codefendant. She alleges that these

false and fraudulent representations were made with respect to the price which the defendant Chemical Company had offered and was willing to pay for said shares of stock, and with respect to the true value of the same at the time of the sale.

The action was begun by summons issued by the clerk of the Superior Court of Perquimans County on 25 May, 1927. The original summons was returned by the sheriff of said county, endorsed as follows: "Received 25 May, 1927. Defendants not to be found in my county." Thereupon summons in the action, and warrant of attachment, to be levied upon property of defendants, situate within the State of North Carolina, were duly served by publication. Both the summons and the warrant of attachment were returnable before the clerk of the Superior Court of Perquimans County on 2 July, 1927. Before the return day, to wit, on 27 June, 1927, an order was entered by said clerk extending the time within which plaintiff was required to file her complaint to 1 August, 1927. On said return day attorneys for defendants entered a special appearance, and moved that the action be dismissed for that no complaint had been filed therein. Defendants excepted to the court's denial of this motion.

The complaint was thereafter filed on 12 July, 1927. It is alleged therein that plaintiff is a resident of the city of Norfolk, in the State of Virginia; that defendant, W. N. Gregory, is also a resident of the city of Norfolk, in the State of Virginia, and that the defendant, The Davison Chemical Company, is a corporation organized under the laws of the State of Maryland, with its principal office in the city of Baltimore, in said State.

On 18 July, 1927, after notice to plaintiff, service of which was accepted by her attorneys on 7 July, 1927, Stephen C. Bragaw, an attorney at law, duly licensed and practicing in the courts of this State, entered a special appearance in the action then pending in the Superior Court of Perquimans County, for the defendant, The Davison Chemical Company, and thereupon filed its petition, accompanied by bond as required by statute, praying that said court "proceed no further herein except to make an order of removal" from said court to the District Court of the United States for the Eastern District of North Carolina, "as required by law, and that the clerk of this court be directed to make up or cause to be made up a transcript of the record herein to be lodged in the District Court of the United States for the Eastern District of North Carolina, Elizabeth City Division, as provided by law." With respect to the citizenship or residence of the parties to the action, it is alleged in said petition that plaintiff was at the time of the commencement of this action and is now a citizen of the State of Virginia, residing in the city of Norfolk; that the defendant, The Davison Chemi-

cal Company, is not a citizen of the State of North Carolina, but was at the time of the commencement of this action, and is now a foreign corporation organized and existing under the laws of the State of Maryland, with its principal office in the city of Baltimore, in said State; and that the codefendant of petitioner, W. N. Gregory, is not a citizen of the State of North Carolina, but was at the time of the commencement of the action, and is now a citizen of the State of Virginia, residing in the city of Norfolk, in said State. One of the attorneys for defendant, W. N. Gregory, was advised of the filing of said petition and concurred in the motion of attorney for his codefendant for the removal of the action from the State court to the Federal Court for trial. At the hearing of the motion for removal upon the petition, the clerk of the Superior Court, upon his finding from "the petition and from other papers in the cause" that petitioner was entitled to have the action removed from the State court to the Federal Court for trial, entered an order dated 18 July, 1927, removing the action from the State court to the Federal Court, and directing the clerk of the State court "to make and certify a transcript of the record in the action for transmission to the District Court of the United States for the Eastern District of North Carolina, Elizabeth City Division, forthwith." Plaintiff's exception to the overruling of his objection to said order of removal was entered by the clerk at the request of her attorneys. Plaintiff did not appeal from said order. Pursuant to said order of removal, the action was docketed in the District Court of the United States on 6 August, 1927. Thereafter, to wit, on 14 September, 1927, both defendants filed answers to the complaint in the District Court of the United States. No answer had been filed by either defendant in the State court.

On 1 September, 1927, attorneys for plaintiff caused a notice to be served on attorneys for defendants that she would apply to the judge of the District Court of the United States at the next term of said Court to be held at Elizabeth City, on 10 October, 1927, for an order remanding the action to the Superior Court of North Carolina for Perquimans County, upon the grounds set forth in the written motion filed in the office of the clerk of the District Court, a copy of which was attached to the notice served on attorneys for defendants. Upon the hearing of the motion to remand, before the Honorable Isaac M. Meekins, United States District Judge, on 10 October, 1927, it appeared to the Court "that the plaintiff and the defendant, W. N. Gregory, are both residents of the State of Virginia, and that there is no diversity of citizenship between the plaintiff and the defendants within the meaning of U. S. Code, Title 28, sec. 41, subsec. 1 (Jud. Code, sec. 24), and that therefore the District Court of the United States has no jurisdiction of the said controversy and the cause is not removable within the meaning of

U. S. Code, Title 28, sec. 71 (Jud. Code, sec. 28)." Order dated 10 October, 1927, was thereupon entered remanding the action to the Superior Court of Perquimans County. Pursuant to said order the clerk of the U. S. District Court, as he was directed therein to do, made out a certified copy of the motion to remand and of the order made upon said motion, together with the answers of the defendants filed in the United States District Court, and forwarded same to the clerk of the Superior Court of Perquimans County.

After notice of plaintiff's motion to remand had been served on attorneys for defendants, to wit, 1 September, 1927, and before said motion had been heard by the judge pursuant to said notice on 10 October, 1927, attorneys for plaintiff appeared before the clerk of the Superior Court of Perquimans County and moved for judgment by default and inquiry, upon the ground that defendants had not filed answers to the complaint in said court. This motion was granted, and the judgment by default and inquiry in favor of plaintiff and against defendants was signed by the clerk on 26 September, 1927. Neither of the defendants had notice, personally or through their attorneys of the motion for such judgment, nor did they know that such judgment had been signed until 31 October, 1927. At the time the judgment by default and inquiry was signed by the clerk of the Superior Court of the State, upon motion of plaintiff's attorneys, her motion, by her said attorneys, to remand the action from the Federal Court to the State court, of which notice had been given to attorneys for defendants, was pending in the Federal Court.

After the said action had been remanded from the Federal Court to the State court, and after due notice to plaintiff defendants, by their respective attorneys, appeared before the judge presiding at the Fall Term, 1927, of the Superior Court of Perquimans County, on 31 October, 1927, for the purpose of moving the court for leave to file answers to the complaint in said court. An examination of the record in the action then disclosed to attorneys for defendants, for the first time, that a judgment by default and inquiry had been signed by the clerk in this action on 26 September, 1927. Defendants thereupon moved in open court that said judgment by default and inquiry be set aside and vacated upon the ground (1) that the same was entered without notice, and was procured by the mistake, surprise, inadvertence and excusable neglect of defendants and their attorneys; (2) that said judgment was signed contrary to the usual and ordinary practice and procedure of the court and was therefore irregular; (3) that the clerk of the Superior Court was without jurisdiction to sign the said judgment on 26 September, 1927, while plaintiff's motion that the action be remanded from the Federal Court to the State court was pending in the Federal Court,

and that same was therefore void; and (4) that the time for filing answers to the complaint had not expired on 26 September, 1927.

Upon the hearing of defendant's motion, which was resisted by plaintiff, the judge found the facts for the purpose of ruling thereon, from evidence offered by both plaintiff and defendants. There are no exceptions to these findings of fact, which are set out in full in the order and judgment. Upon the facts thus found, it was adjudged:

"1. That the defendant, W. N. Gregory, has not been guilty of any neglect with respect to the filing of his answer in this cause, and that such neglect, if any has occurred, was the neglect of his counsel, was excusable, and arose by inadvertence and mistake; and is not imputable to said defendant, Willis N. Gregory.

2: That the defendant, Davison Chemical Company, has not been guilty of any neglect with respect to the filing of its answer in this cause, and that such neglect, if any has occurred, was the neglect of its counsel, was excusable, and arose by inadvertence and mistake, and is not imputable to the said defendant, Davison Chemical Company.

3. That the said judgment herein attempted to be entered on 26 September, 1927, by H. G. Winslow, clerk of the Superior Court of Perquimans County, is irregular and contrary to the usual course and practice of the court, and was attempted to be entered for want of an answer when the time allowed by law of North Carolina for filing the answers had not expired, and when the cause had been regularly removed, and was pending in the United States District Court.

4. That the said judgment is void because the clerk of the Superior Court of Perquimans County was without jurisdiction to enter it at the time he so attempted."

It was, therefore, ordered and adjudged "in the court's discretion, that said judgment attempted to be entered by the said H. G. Winslow, clerk of the Superior Court of Perquimans County, on 26 September, 1927, be and the same is hereby set aside, vacated and declared void and of no effect."

It was further ordered and adjudged "in the discretion of the court, that defendants and each of them be allowed to file their answers in the above-entitled cause, and the clerk of the Superior Court of Perquimans County is directed to receive and file the same."

It was further ordered "that defendants, and each of them, be permitted to change the caption in the answers now filed with the clerk of the Superior Court of Perquimans County to show that the cause is pending in the Superior Court of Perquimans County, N. C., instead of in the District Court of the United States for the Eastern District of North Carolina, and that same shall be marked 'Duly Filed' by the clerk of the

Superior Court of Perquimans County upon the request of counsel for defendants at any time within twenty days from the date of this order."

To the judgment, signed by, consent at Jackson, N. C., on 23 December, 1927, plaintiff duly excepted. Upon her appeal to this Court her only assignment of error is based upon this exception. There are no exceptions to the findings of fact, made by the judge, upon which he rendered the judgment. These findings of fact are, therefore, conclusive upon plaintiff's appeal to this Court. No contention is made by the plaintiff that there was no evidence to support the findings of fact; indeed, the material facts appear on the record and are not in controversy. In *Helderman v. Mills Co.,* 192 N. C., 626, it is said in the opinion for the Court: "There was evidence in support of the findings of fact. They are, therefore, conclusive upon the appeal of plaintiffs to this Court. Whether the conclusions from these facts, to wit, that defendant's neglect to file an answer within the time prescribed by law was excusable, and that defendant has a meritorious defense to plaintiff's cause of action as set out in the complaint, are correct, is a matter of law, and therefore reviewable upon appeal to this Court." *Lumber Co. v. Cottingham,* 173 N. C., 323; *Marion v. Tilley,* 119 N. C., 473; *Weil v. Woodard,* 104 N. C., 94.

Before considering plaintiff's contentions that there are errors in the conclusions of the judge, from the facts found by him, upon which the judgment was rendered, setting aside and vacating the judgment by default and inquiry, and that, therefore, the assignment of error based upon the exception to the judgment should be sustained, it may be well to say that it is not necessary now, in view of the subsequent record, to consider or determine the effect, if any, of the appearances entered in this action, prior to the date of the judgment by default and inquiry, by the respective attorneys for defendants, which were designated at the time by them as "Special Appearances." Subsequent to such appearances, each defendant has applied to the court to have a judgment in the action set aside, and for leave to file an answer to the complaint. They have each thereby entered a general appearance in the action, which for all purposes of jurisdiction is equivalent to personal service of summons. *Currie v. Mining Co.,* 157 N. C., 209. Both defendants, by filing answers to the complaint, pursuant to leave granted by order of the court, made upon their application, have become subject to the jurisdiction of the court to the same extent, and with the same effect as if summons had been personally served upon them. C. S., 490. The court's jurisdiction is no longer dependent upon the attachment nor will plaintiff's recovery, if any, be restricted to a judgment *in rem.* A judgment rendered in the action will be *in personam,* as well as *in rem,* with respect to each defendant.

14—195

In view of the conclusion by the judge, upon the facts found by him, in effect that the failure of defendants to file answers prior to the date of the judgment by default and inquiry, was not due to the neglect of defendants, but to the neglect, if any, of their respective attorneys, and that the neglect of the said attorneys to file said answers was excusable and in no event imputable to defendants, who have each a meritorious defense to the action, as disclosed by the answers of the defendants, filed in the Federal Court, after the order of removal had been signed by the clerk of the State court, and before the order remanding the action to the State court had been made by the judge of the United States District Court, it is not necessary for us to consider or to pass upon plaintiff's contentions, upon her appeal to this Court, that there was error in the other conclusions, upon which the judge ordered and adjudged that the judgment by default and inquiry, signed by the clerk on 26 September, 1927, be set aside and vacated, not only the ground of excusable neglect, but also upon the ground that said judgment was void, or at least irregular. If there was no error in the conclusion of the judge that the failure of defendants to file answers in the Superior Court, prior to the date of the judgment by default and inquiry, was due, not to their neglect, but to the neglect of their attorneys, which was excusable, and not imputable to defendants, plaintiff's assignments of error, upon her appeal to this Court, cannot be sustained, and the judgment must be affirmed. It is not required, in order that we may affirm the judgment from which plaintiff has appealed, that we sustain the conclusions of the judge, in accordance with the contentions of defendants, that the judgment by default and inquiry is void, or at least irregular. Although said judgment may be valid and regular in all respects, as contended by plaintiff, both below and here, the judge had the power, conferred by statute—C. S., 600—if the same was rendered by reason of the mistake, inadvertence, surprise or excusable neglect of defendants, or of their attorneys, to relieve defendants from said judgment, by vacating and setting same aside. In *Helderman v. Mills Co.,* 192 N. C., 626, it is said, in the opinion for the Court: "C. S., 600, is a highly remedial statute; the relief authorized by the statute ought not to be denied where, as in this case, plaintiff's rights, if any he has, cannot ultimately suffer, and defendant has a meritorious defense, which he seeks only an opportunity to make, and which he would, but for the statute lose through his mistake, inadvertence, surprise or excusable neglect." In order that relief may be had under the statute, the judgment from which a party seeks relief must be a valid judgment, and regular in all respects. If a party to an action, in which a valid judgment has been rendered, upon his motion in the cause that the same be set aside, sustains his allegation that the judgment was rendered because

of either his mistake, inadvertence, surprise or excusable neglect, he may have such relief as the judge, in his discretion, may grant. Relief from a void or irregular judgment may be had, in proper cases, but not under C. S., 600.

Whether upon the facts found by the judge, in the instant case, the neglect of attorneys for defendants to file answers to the complaint, within the time required by statute, or whether, in any event, such neglect was imputable to defendants, are questions of law; the conclusions of the judge, with respect to these matters are, therefore, reviewable by this Court, upon plaintiff's appeal. The judge has concluded, in effect, from the facts found by him, that the failure of defendants to file answers, in the Superior Court prior to the date of the judgment by default and inquiry, was due to their excusable neglect, within the meaning of the statute. He, therefore, in the exercise of his discretion, granted defendants relief from the judgment by default and inquiry, as he is authorized to do by the statute.

The publication of summons and warrant of attachment in this action was begun on 25 May, 1927. Before the service by publication had been completed, and before the return day, both defendants employed attorneys to appear for and to represent them in this action. In addition to other attorneys, each defendant employed an attorney, residing in this State and duly licensed to practice in its courts. Both these resident attorneys undertook to go to Perquimans County and to appear there for defendants in this action, as well as in other actions against the defendants, involving the same matters as this action, brought by other persons as plaintiffs. Upon the return day of the summons both these resident attorneys appeared in the office of the clerk of the Superior Court of Perquimans County in behalf of defendants. Prior to this time attorneys employed by defendants had corresponded with attorneys of record for plaintiff in this action, with respect to the pleadings to be filed herein. Plaintiff and her attorneys, therefore, knew that defendants had employed attorneys to appear for and to represent them in this action, and that it was their purpose to defend the same. The answer of defendant Gregory appearing in the record was verified by him on 16 July, 1927; that of defendant, Davison Chemical Company, was verified on 9 September, 1927.

It cannot be said that defendants or either of them failed to give this case the attention which a prudent man gives to his important business. On the contrary, they did all that the law does or should require of a defendant. They employed counsel, learned in the law, and skillful and diligent in its practice, whose zeal and fidelity to the cause of a client are unquestioned. They verified their answers promptly when same had been prepared by their attorneys, and entrusted them to their attorneys

for filing as required by law. Upon these and other facts found by the judge, it cannot be held that defendant's failure to file the answers, within the time required by law, was due to such negligence on their part as deprived the judge of power to grant them relief under the statute.

When the resident attorneys for defendant appeared in their behalf at the clerk's office, on the return day, they found that the clerk, without notice to them, or to defendants, and prior to such return day, upon motion of plaintiff, had extended the time for filing the complaint to 1 August, 1927. Thereafter, on 18 July, 1927, defendant Davison Chemical Company filed its petition before the clerk for the removal of the action from the State court to the Federal Court. Plaintiff's attorneys did not resist the motion for removal. The clerk had jurisdiction to receive the petition and to hear and pass upon the motion. 3 C. S., 913(b). When the order of removal was made, plaintiff's exception thereto was entered by the clerk, at the request of her attorneys. Plaintiff, however, did not appeal from said order, as she had the right to do under the statute. After the removal had been effected, plaintiff appeared in the District Court of the United States on 1 September, pursuant to notice to defendants, and lodged a motion in said court that the action be remanded to the State court. This motion pended in the District Court from 1 September to 10 October, when it was heard and allowed by the judge. The order of removal was erroneous, but it does not therefore follow that it was void. The distinction between an order or judgment which is void, and one which is merely erroneous, is clearly stated in *Duffer v. Brunson,* 188 N. C., 789. The order of removal in the instant case is more than the mere semblance of an order. The clerk had jurisdiction of the parties; the action was then pending in the Superior Court. He had jurisdiction of the petition by the express terms of the statute. His order therefore cannot be held void; it was merely erroneous. It was effective until reversed on appeal, or until the action had been remanded by the order of the judge of the United States District Court. Attorneys for defendants relied upon the order for their assurance that the clerk, having made it, and thereby surrendered jurisdiction of the action, would not undertake any further proceeding therein. Attorneys were justified in giving the action no further attention in the Superior Court, especially in view of the fact that plaintiff's attorneys thereafter invoked the jurisdiction of the Federal Court by their motion to remand. Their failure to file an answer to the complaint in the Superior Court, after the said court had surrendered jurisdiction of the action by removing same to the Federal Court, was at least excusable, even if it was negligent.

At the time this action was begun thirteen other actions were begun in the Superior Court of Perquimans County, all upon the same cause of action, against these defendants. The plaintiffs in these thirteen actions are all residents of the State of North Carolina—all members of either the White or Winslow families, who have long resided in Perquimans County. These families are and have been for many years prominent in the social and business life of Perquimans County. The plaintiff in this action is a member of the White family, but since her marriage has resided in the city of Norfolk in the State of Virginia, and not in Perquimans County, North Carolina. In the preparation of the petitioners for removal of such of the fourteen actions as involved sums in excess of $3,000, defendants' attorneys inadvertently failed to note the fact which distinguishes this case from others of the fourteen which .were removed to the Federal Court. This distinction was not brought to the attention of defendants or of their attorneys until 10 October, 1927, when the motion to remand was heard in the United States District Court.

It is needless to consider the question discussed in the briefs, as to whether answers were filed in the Superior Court within the time allowed by statute. There is no error in the order allowing answers to be filed within the time fixed in said order. Nor is there error in the judgment setting aside and vacating the judgment by default and inquiry. The order and the judgment are

Affirmed.