W. L. HENDRICKS v. TOWN OF CHERRYVILLE.

(Filed 7 May, 1930.)

1. **Judgments K b—Where notice of revocation of attorney's authority is not given, judgment may not be set aside for surprise, etc.**

   Where the party to an action employs an attorney who files his pleadings in defense, and afterwards consents to a trial on a certain day under an agreement that the plaintiff would not ask for a recovery exceeding a certain amount, and the trial is accordingly had, the motion of the party to set aside the judgment upon the ground of surprise, excusable neglect, etc., for that the attorney's authority acting therein had been revoked, will be denied when no notice of such revocation had been given to the court or to the adverse party.

2. **Attorney and Client B c—Authority of attorney of record continues until revocation and notice to court or adverse party.**

   Where an attorney of record in an action appears for a party thereto, his employment continues until his authority is revoked and notice of such revocation is given the court or the adverse party.

3. **Trial A b—Knowledge of attorney of date of trial is imputed to client.**

   The knowledge of an attorney for a party that an action against him is placed on the calendar for a certain date is imputed to the party litigant.

APPEAL by defendant from order of *Shaw, J.*, at December Term, 1929, of GASTON. Affirmed.

This action to recover damages resulting from a trespass by defendant upon the lands of the plaintiff, was tried before Shaw, J., and a jury at August Term, 1929, of the Superior Court of Gaston County. Upon the verdict rendered at the trial, there was a judgment that plaintiff recover of the defendant, upon the cause of action alleged in the complaint, the sum of $300, and the costs of the action.

At December Term, 1929, of said court, the action was heard on defendant's motion that said judgment be set aside on the ground that defendant was not present or represented by counsel at the trial at the August Term, 1929, of said court because of its mistake, inadvertence, surprise and excusable neglect, and on the further ground that defendant has a good and meritorious defense to the action.

Upon the hearing of defendant's motion, the judge found that the defendant was represented at the August Term, 1929, of the court by its attorney of record, who had filed its answer to the complaint, and who had entered an appearance in the action as the attorney for the defendant: that said attorney of record had appeared at said term of the court in behalf of the defendant, and had consented that the trial of the action should be continued from the day on which it was set on the calendar for trial to a subsequent day during said term; and that said attorney was not present when the action was called for trial and was tried.

The judge further found that defendant had admitted in its answer to the complaint that it was liable to the plaintiff upon the cause of action alleged therein; and that the only matter in issue between the plaintiff and the defendant was the amount which plaintiff was entitled to recover of defendant as damages for the trespass which defendant had committed on plaintiff's land. The amount demanded in the complaint as such damages was $1,000; the defendant in its answer alleged that the damages did not exceed the sum of $35.00. During the term, defendant's attorney of record informed the attorney for plaintiff and the court that it was agreeable to defendant that the damages should be assessed by the jury at $300. It was agreed by and between the attorney for the plaintiff and said attorney for the defendant, that the action should be tried at said August Term, 1929, of the court, and that the plaintiff would not contend that the jury should answer the issue as to damages in a sum exceeding $300. At the trial evidence was submitted to the jury and upon this evidence the issue involving the amount which plaintiff was entitled to recover was answered "$300." Judgment was rendered accordingly.

Prior to August Term, 1929, the attorney of record for defendant in this action had ceased to be the general attorney of the defendant. No notice had been given to plaintiff's attorney or to the court by the defendant that its attorney of record was no longer its attorney in this action. There was no evidence tending to show that said attorney of record had been notified by defendant that his authority to appear in this action and to represent the defendant therein as its attorney had been revoked. Nor was there evidence tending to show that said attorney had been negligent or unfaithful in the performance of his duties as attorney for defendant in this action.

The judge further found that the judgment rendered on the verdict at the August Term, 1929, of the court was not rendered through the mistake, inadvertence, surprise or excusable neglect of defendant. Upon this finding, the motion of defendant was denied.

From the order denying its motion, the defendant appealed to the Supreme Court.

LINEBERGER *v.* PHILLIPS.

*W. H. Sanders for plaintiff.*
*A. C. Jones and M. A. Stroup for defendant.*

PER CURIAM. Upon the facts found by the judge, as fully set out in his order, his finding that the judgment rendered on the verdict at the August Term, 1929, of the court, was not rendered through the mistake, inadvertence, surprise or excusable neglect of defendant, was correct. There was, therefore, no error in the order denying defendant's motion that the said judgment be set aside. *Norton v. McLaurin,* 125 N. C., 185, 34 S. E., 269.

The defendant was represented in this action at the August Term, 1929, of the court by the attorney who had filed its answer, and who had entered an appearance for defendant as its attorney in the action. If the authority of this attorney to represent defendant in this action, as its attorney, had been revoked, no notice of such revocation had been given to the attorney for the plaintiff or to the court. In the absence of such notice, his authority to represent the defendant as its attorney in this action, continued. His knowledge that the action was on the calendar for trial at the August Term, 1929, of the court was imputed to the defendant. The law will not permit the defendant to repudiate its attorney of record after the trial, resulting in a judgment against it. There was no evidence offered at the hearing of defendant's motion tending to show that defendant had not informed its attorney of record that it was agreeable to it that plaintiff's damages should be assessed by the jury at $300; said attorney did not consent to a judgment in this action. He agreed only that the action should be tried at the August Term, 1929, upon plaintiff's agreement that he would not ask the jury to return a verdict in excess of $300. This agreement was complied with. The order is
Affirmed.