SARAH G. WADDELL *v.* D. B. WOOD, Adm'r., *&c.*

Failure to attend a term of Court because the party knew nothing personally about the cause of action and expected that a witness who had been duly summoned would attend,—is not " excusable neglect " (C. C. P. s. 133) so as to justify a Judge at a subsequent term in setting aside a judgment rendered against him in the absence of such witness.

*Semble,* that the defendant had no right to appeal from the order of the Judge refusing to set aside the judgment.

(*Dick* v. *Dixon,* 63 N. C., 488, and *Davis* v. *Shaver,* Phil. 18, approved.)

MOTION to set aside a judgment given at Fall Term 1869, heard by *Mitchell, J.,* at Spring Term 1870, of IREDELL Court.

The facts appear in the Opinion.

His Honor refused to make the desired order, and the defendant appealed.

*Boyden & Bailey,* for the appellant.
*Furches, contra.*

1. The power given in C. C. P. s. 133, to set aside a judgment, is discretionary, and so cannot be reviewed by appeal: *Simonton* v. *Chipley, ante,* 152.

2. The defendant ought to have been present, to see what became of his case: *Staples* v. *Moring,* 4 Ire. 218.

READE, J.   The defendant seeks to vacate a judgment rendered against him at a former term of the Court, on the ground of excusable neglect, in this: he expected his witness, who had been summoned and had attended a former term, would attend at the trial, and he did not think it necessary to attend in person, because his counsel knew of his defence.   Every suitor ought to be present at the trial of his case, either in person or by an attorney in fact, and wilful

absence is not "excusable neglect." The fact that he has counsel present does not alter the case, for it is no part of the duty of counsel to get up the evidence, or to make affidavit for a continuance. If the defendant had been present he could have made affidavit, and his Honor, in his discretion, might have continued the case : but it is not to be tolerated, even in the most liberal practice, that a party is to lie by until a judgment passes, and then at a subsequent term move to vacate it.

What we have said is upon the supposition that we have the power to review his Honor upon the motion to vacate. Suppose the defendant had been present at the time of trial, and had filed an affidavit for a continuance of the case, and his Honor had refused to continue, could the defendant have appealed ? It is settled that he could not. Or, suppose that after judgment had passed, the defendant had, at the same term, moved to set it aside and continue the case, on account of the absence of the witness, and his Honor had refused to vacate or continue, could the defendant appeal ? It would seem that he would have no more right to appeal from that than from a refusal to continue. How does it alter the case, except to make it worse for the defendant, to wait and make the motion at a subsequent term ?

But a decision upon this point is not indispensable, as we agree with his Honor that the defendant's absence was not "excusable neglect :" *Dick* v. *Dixon,* 63 N. C., 488; *Davis* v. *Shaver,* Phil. 18.

No error.

PER CURIAM.                                                  Affirmed.