## J. N. CLEGG, Ex'r. *vs.* THE NEW YORK WHITE SOAP STONE COMPANY.

The Supreme Court has a right to review the ruling of a Judge below, upon a motion to set aside a judgment.

When a defendant moved to vacate a judgment, upon the ground of excusable neglect, and the excuse assigned was, that his counsel, by mistake, had misinformed him as to the time of holding the Court, whereby he failed to file an answer; *Held*, that the excuse for not filing the answer was not sufficient, when the facts show, that the defendant did not suffer harm by the mistake of his counsel.

When the Court below refused a party permission to file an answer at a term subsequent to the time allowed · by ·a former order, the appellate Court must assume that the question of "excusable neglect" was passed upon. If the party was dissatisfied with the ruling, he had a right to appeal, and it was his duty to do so, for a motion to vacate is not a substitute for an appeal, but a relief against accidents.

This was a motion to vacate a judgment upon the ground of "excusable neglect," heard before *Tourgee, J.,* at Spring Term, 1872, of CHATHAM Superior Court.

The motion in the cause was made at Fall Term, 1871, at which term his Honor denied the motion and refused to vacate the judgment. From this judgment there was an appeal to the Supreme Court, and the case was heard at January Term, 1872. See 66 N. C. R. 392.

The cause was remanded that the jury might find the facts upon which the judgment was based. At the last term of Chatham Superior Court, the motion was renewed. The facts were found by his Honor, and he again refused to set aside the judgment. From this judgment there was an appeal to the Supreme Court.

The facts found by the Judge below are sufficiently stated in the opinion of the Court.

CLEGG, EX'R. v. THE NEW YORK WHITE SOAP STONE CO.

*London* and *Phillips & Merrimon*, for plaintiff.
*Manning* and *B. & T. C. Fuller*, for defendant.

READE, J. The facts found by his Honor are, that Fall Term, 1870, was the return term, and that the defendant appeared by counsel and moved for time to answer; and time was granted him until 4th March, 1871. That no answer was filed within the time, and that at Spring Term, May 1871, the defendant appeared by counsel and requested a copy of the complaint, and immediately upon its being furnished, he offered to file the answer. The Court refused to allow the answer to be filed, and gave judgment for the plaintiff.

At Fall Term, 1871, there was a motion to vacate the judgment, for the reason that the neglect of the defendant to file his answer was excusable under C. C. P. 133. The excuse assigned was, that the counsel, by mistake, had misinformed his client as to the time when the Court would be held.

Suppose the facts were sufficient to excuse the defendant for not filing his answer at the return term, 1870, (if that was the term as to which he was misinformed), he did not suffer by it, because he was allowed time until 4th March, 1871. If Spring Term, 1871, was the term as to which he was misinformed, (it is left uncertain which was the term), still his mistake did him no harm, because it was not at that term, but on the 4th of March previous that he was to file his answer. So that, we agree with his Honor that the neglect to file his answer on or before 4th March, 1871, has nothing to excuse it.

It is however insisted, that it was the duty of the plaintiff, not only to file his complaint, as he did do, at or before the return term, but it was also his duty to furnish the defendant with *a copy*. This is true; but still, we agree with his Honor that the defendant waived his advantage by not taking the objection at the appearance term, and by appearing and taking time to file his answer.

But there is another view which is fatal to the defendant's motion. At Spring Term, 1871, when the Court refused to allow the answer to be filed, we are to assume that the question of "excusable neglect" was passed on. If the defendant was dissatisfied with the ruling, he had the right to appeal, and it was his duty to do so; for the motion to vacate, C. C. P. 133, is not a *substitute for an appeal*, but is a *relief against accident*. And as was said by us in *Waddell* v. *Wood, administrator*, 64, N. C. 624, it is not to be tolerated in the most liberal practice that a party is to lie by and let judgment pass, when he might appeal, and at a subsequent term move to vacate.

I take this occasion to remove a doubt which I expressed in a dictum in the case of *Waddell* v. *Wood, adm. supra*, as to the power of this Court to review the ruling of a judge below upon a motion to vacate, whether it was not exclusively within the *discretion* of the Judge. We have since held that we can review him; and I regard it as settled.

No error.

PER CURIAM.                          Judgment affirmed.