E. SLUDER v. W. W. ROLLINS and others.

*Judgment -- Vacation of -- Inexcusable Neglect.*

1. Where the defendants were in the town in which a court was in session, at which a judgment was rendered against them, and did not commu-- nicate the nature of their defense to their counsel or file an answer ;. *Held,* that they were guilty of inexcusable neglect and not entitled to have the judgment vacated under C. C. P. § 133.

2. In an application to vacate a judgment, the burden is on the applicant. to show a proper ground.

( *Waddell* v. *Wood,* 64 N. C. 624, cited and approved.)

MOTION, to vacate a Judgment taken by default, made by the defendants and heard at Chambers in Asheville on the 29th day of December, 1876, before *Henry J.*

Upon the facts which sufficiently appear in the opinion, His Honor adjudged that the motion be allowed to the end that the defendants might file an answer and defend the action at the ensuing term of the Court.

From this judgment the plaintiff appealed.

*Mr. J. H. Merrimon,* for plaintiff.

No counsel for defendants.

RODMAN, J. This is an application under C. C. P. § 133, to vacate a judgment as taken by surpise, &c.

We are of opinion on the facts stated that the defendants are guilty of inexcusable neglect. One of the defendants (W. W. Rollins) was in the town where the Court was sit-- ting, on the day when judgment was rendered and on the day before, and for aught that appears could have instructed his counsel as to the defence and could have verified an answer. Another defendant (P. Rollins) had been present

at the place where the Court sat, during a part of the term but was compelled by business to leave before the term closed. No reason is assigned why he did not communicate the nature of his defence to his counsel and verify an answer before he left.

It is stated that the defendants were advised that they had a meritorious defence.

But the nature of the defence is not stated, and it does not appear to have been communicated to the gentlemen who represented the defendants as their attorneys at that Court. The circumstances of cases of this class are so various that precedents can seldom be a certain guide. The case most nearly resembling this is *Waddell* v. *Wood*, 64 N. C. 624, where the defendant failed to attend Court expecting that his witness would attend. The witness failed to attend, the defendant's attorney was unable to obtain a continuance and a judgment was given against the defendant. The Court held that the defendant's failure to attend was an inexcusable neglect. In every case where there is an application to vacate a judgment on the ground of mistake, &c., the burden is on the applicant to show a proper ground. The least that can be expected of a person having a suit in Court is that he shall give it that amount of attention which a man of ordinary prudence usually gives to his important business.

Judgment appealed from reversed. Let this opinion be certified.

PER CURIAM.                    Judgment reversed.