WILLIAM E. COBB v. JOHN O'HAGAN.

*Excusable Neglect.*

It is the duty of a party to be present in court at the trial of his cause for the performance of matters outside the proper duties of his attorney, such as to make affidavits for continuances and the like ;

*Hence,* where a defendant, knowing that his case stood for trial at a regular term of court, remained at his home thirty-seven miles distant from the place of trial, expecting that his attorneys would give him timely information as to when his presence would be necessary, although they had never engaged to do so, and the attorneys themselves failed to attend court, and the case was tried in the absence of the defendant and his counsel, and judgment rendered for the plaintiff ; *It was held,* that the defendant is not entitled to have such judgment set aside, on the ground of excusable neglect, under C. C. P., § 133.

(*Sluder* v. *Rollins,* 76 N. C., 271 ; *Waddell* v. *Wood,* 64 N. C., 624 ; *Griel* v. *Vernon,* 65 N. C., 76, cited, distinguished and approved.)

Motion to vacate a Judgment under C. C. P., § 133, heard at Greenville on the 27th of March, 1879, before *Seymour, J.*

The judgment which the defendant moved to set aside was recovered against him at spring term, 1879, of Wilson superior court.   The facts are stated in the opinion.   The motion was refused and the defendant appealed.

*Messrs. Connor & Woodard*, for plaintiff.
*Mr. W. B. Rodman*, for defendant.

DILLARD, J. This was a motion of defendant to vacate a judgment taken against him under section 133 of the code of civil procedure, and the facts on which it was based, so far as it is material to state them, were as follows: The cause having been previously put to issue, stood for trial by a jury at spring term, 1879, of Wilson superior court, which court was limited to one week, and was liable to be reached in the regular call of the docket. Defendant had retained two members of the bar to defend the action, and remained at home, thirty-seven miles away from the court, expecting, if the state docket should be disposed of within the first three days of the term, an unusual thing in the county, that his counsel would communicate the fact to him, by mail, and intending, if so notified, to be present at the trial. There is no statement of any arrangement with the counsel to give defendant notice by mail or otherwise. The case was called and tried; defendant was absent, and so were both of his counsel, one from sickness,- and no reason is assigned for the absence of the other.

It is the duty of a party, and so settled by the adjudications of this court, to be present in court at the trial of his cause, for the performance of matters outside of the proper duties of an attorney at law, such as to ⁄provide for the attendance of his witnesses, make affidavit for continuance, and the like. *Sluder* v. *Rollins*, 76 N. C., 271; *Waddell* v. *Wood*, 64 N. C., 624.

The excuse of defendant is, that he expected his counsel to write him through the mail, of any probability there might be of his case being called, if the state docket should be disposed of in a shorter time than at previous terms of the court. Defendant was wilfully absent, and took on him- self the risk of his case not being called, or if likely to be

reached, the risk of notice being given him through the mail by counsel when no such arrangement had been made, or if attempted through the mail, the hazard of the notice reaching him in time to admit of his presence at the distance of thirty-seven miles away from his residence.

This was not such attention given as a man of ordinary prudence gives to his important business, and his absence upon such expectations as above is not in law an excusable neglect. *Cases, supra.* This case is quite different from the case of *Griel* v. *Vernon,* 65 N. C., 76. In that case an administrator being sued, retained an attorney at law to plead at the return term the protection pleas of "fully administered" and "no assets," a matter peculiar to the duty and business of the attorney, and his failure to enter the pleas was held an excusable neglect in the party and entitled him to a vacation of the judgment; whereas in this case the issue for trial involved an alleged settlement of the subject matter of the action, to which defendant was a party and of which he not only had knowledge, but of which he was solely or in part a competent witness; and in this respect it was peculiarly the duty and the interest of defendant in the exercise of ordinary prudence to be present, and a wilful failure to be present was inexcusable. Had he been present, he could have accounted for the absence of his attorneys, and either had a continuance on that account or substituted others in their place, and on the trial could have had the advantage of producing his testimony, and if necessary, of being a witness in his own behalf.

In the language of this court in the case of *Waddell* v. *Wood, supra,* it is not to be tolerated, even in the most liberal practice, that a party is to lie by until a judgment passes, and then at a subsequent term move to vacate it.

No error.                                    Affirmed.