P. R. DEPRIEST and wife v. J. L. PATTERSON, Ex'r.

*Vacation of Judgment—Practice.*

1. Upon a motion under C. C. P., § 133, to set aside a judgment taken by default, it appeared that the defendant was sick and unable to leave home when the summons was served and to attend court; that at the time the summons was served the defendant expressed a doubt to the officer as to whether he was the person meant, and the officer promised that if upon inquiry he found that the summons was not intended for defendant he would notify him; *Held,* the motion was properly denied.

2. It is against the practice to sever the facts of a demand in the complaint and enter judgment for one portion, and order a reference to ascertain the amount of the other portion for judgment as to that.

(*Waddell* v. *Wood,* 64 N. C., 624; *White* v. *Snow,* 71 N. C., 232; *Sluder* v. *Rollins,* 76 N. C., 271; *Bradford* v. *Coit,* 77 N. C., 72, cited and approved.)

MOTION by defendant to set aside a judgment heard at Fall Term, 1881, of IREDELL Superior Court, before *Seymour, J.*

The defendant applies to the court to be relieved from a judgment rendered for his failure to answer the plaintiff's complaint, of which motion he had given notice, and therein assigned as the reasons therefor that he did not have legal notice of the action, and furthermore was sick and unable to be from home during the months of November and December, 1879, early in the latter of which was held the term of court at which the judgment was rendered against him. Besides the illness which prevented his attendance at court, and supported by the testimony of two physicians unopposed, the defendant in his own affidavit states that when the summons was served on him by the deputy of the sheriff in November, not recognizing what demand the plaintiff could have upon him, he expressed his doubt whether he was the person meant, as there was one or more in the

county of the same name, and he understood the deputy to say that before the return of the summons he would ascertain and let him know if he was the intended party defendant, and hearing nothing further he supposed there had been a mistake in the matter.

The deputy declares in his affidavit that upon hearing the doubt expressed by the defendant, he promised if upon inquiry he found the summons was not intended for defendant, but for some other person, he would give him information of the fact, but not in any other event.

Upon hearing the motion, the court finds the facts to be as testified by the deputy who served the process, and adjudging the case not to be one of excusable negligence, denied the motion, and the defendant appealed.

*Mr. D. M. Furches*, for plaintiffs.
*Messrs. Robbins & Long*, for defendant.

SMITH, C. J. It will be noticed that while the judge accepts the version of the conversation between the defendant and the officer as given by the latter, and finds that no information was promised unless it should turn out there was a mistake as to the person against whom the process was intended to issue, he does not find whether the defendant did not labor under a misapprehension of the officer's assurance, and his failure to defend the action was a consequence of this misunderstanding. His Honor refused to set aside the judgment, at the same time declaring that, if the defendant's recollection of what transpired was correct, and the officer gave the alleged assurance, his ruling would be the same. Disregarding the hypothetical ruling suggested, we must assume the fact to be as found, that no such promise was made, and the defendant rested content upon his own misapprehension after the service of process upon him, and gave no further thought or attention to the case, neither

sending an agent, as he could not personally attend, to look after his interest in the suit, nor employing counsel to manage it and to ask for further time for the defendant to put in his answer, if his condition did not permit of its being prepared during the term. These omissions, connected with the facts accepted as truthful and contained in the affidavits offered in support of the motion, do not make out a case entitling the defendant to relief under the provisions of section 138 of the Code, because of his own culpable negligence. Concurring in the ruling of his Honor in this regard, we will only suggest that it was, in our opinion, irregular to enter any but an interlocutory judgment, as the granting of the relief asked involved the taking of an administered account, and to this end a reference was made. It is against the practice to sever the facts of a demand made in the complaint, and enter final judgment for one portion, and make a reference to ascertain the amount of the other, for a final judgment as to that portion.

But the notice does not contemplate the granting of relief upon this ground, nor is it embraced in the case accompanying the appeal, to the consideration of the exceptions apparent in which, we, as a reviewing court, are restricted. The cases are numerous and not in entire harmony upon the proper rendering of this statute, which enlarges the authority of the court over its own judgments, and permits, in specified cases, their reversal within a year after notice of their rendition at the discretion of the court. The cases mostly in point in their bearing upon that before us are, *Waddell* v. *Wood*, 64 N. C., 624 ; *White* v. *Snow*, 71 N. C., 232; *Sluder* v. *Rollins*, 76 N. C., 271; *Bradford* v. *Coit*, 77 N. C., 72.

There is no error, and the judgment must be affirmed.

No error.                              Affirmed.