J. W. ALBERTSON & SON v. HARVEY TERRY and T. ELY.

*Appeal—Vacating Judgments—Exceptions—Excusable Neglect.*

1. The Supreme Court will not review the finding of facts by the trial Judge upon a motion to vacate a judgment upon the ground of excusable neglect, surprise or inadvertence; it can only pass upon the question whether such facts, in law, do or do not constitute such neglect, surprise or inadvertence.
2. A party making a motion to vacate a judgment because of mistake, surprise or inadvertence has the right to request the Court to specify the ground of its decision, and a refusal to grant such request will be error.
3. Where such a motion is denied in the exercise of the discretion of the Court, the Supreme Court will not review the judgment.

MOTION to vacate judgment rendered in PASQUOTANK Superior Court, heard before *Connor, J.,* on Fall Circuit, 1890.

The defendants moved to set aside a judgment obtained against them by the plaintiffs, upon the ground of surprise and excusable neglect. The following are the facts found by the Court below, and its order thereupon :

The Fall Term, 1890, of Pasquotank Court began on Monday, September 15th. On Monday of the said term, the defendant Harvey Terry, being an attorney of said Court, for himself and his co-defendant, requested the Court to make an order directing the plaintiffs to file a bill of particulars before the said defendants be required to answer the complaint; also asking that defendants be allowed thirty days within which to file their answer, the plaintiffs having filed a verified complaint.

Counsel for the plaintiffs stated that they would file a bill of particulars, and requested that an order be made directing the defendants to file copies of certain vouchers which they had in their possession.

The said counsel also stated that they would file said bill on Wednesday of said term, but could not consent to an extension of time to defendants to file their answer. Mr. Terry thereupon assented to the making of the order, which appears in the record, directing both parties to file said bill and copies on Wednesday. It was stated by members of the Bar that the docket was small, and would be disposed of before the end of the week. On Thursday, September 18th, the civil docket was called for the last time, when plaintiffs announced that they had complied with the said order, but that defendants had failed to do so. Mr. Terry had not, so far as the memory of the Judge serves him, been in the court-house since Monday. The Court, thereupon, on motion of the plaintiffs' counsel, rendered judgment by default and inquiry, as appears in the record. The business of the Court, except the discharge of the Grand Jury, was disposed of

at that time. The Judge remained in Elizabeth City until Saturday at 12 M., when he left for the next term, beginning at Perquimans, on Monday, the 22d of September. The Court remained open for the reports of the Grand Jury and hearing any motion which might be made until five o'clock P. M., Friday, September 19th, 1890. The defendant did not apply for any order setting aside said judgment, or extending the time for filing answer, except as hereinbefore stated, as appears by the record. The defendant Terry, on Monday, the 22d day of September, filed with the Clerk the answer which appears in the record. The defendant Harvey Terry resides in the county of Pasquotank.

The Court, upon the foregoing facts, declined to set aside the said judgment.

The defendants excepted and appealed,

*Mr. E. F. Aydlett*, for plaintiffs.
No counsel *contra*.

MERRIMON, C. J.—after stating the case: It is not the province of this Court in this and like cases to review the findings of fact by the Court below. It can only decide upon appeal that the facts found do or do not constitute "mistake, inadvertence, surprise or excusable neglect;" it cannot go beyond that and decide that the Court ought or ought not to allow or disallow a motion founded upon such cause to set aside a judgment, order or other proceeding, as allowed by the statute (*The Code*, § 274). This statute vests the discretion to set aside a judgment for such cause in the Judge before whom the motion is made, and his exercise of discretion is not reviewable by this Court. *Branch* v. *Walker*, 92 N. C., 87; *Foley* v. *Blank*, *id.*, 476.

It does not appear that the Court refused to allow the motion to set aside the judgment complained of, upon the ground that in no view of the facts could they constitute

mistake, surprise, inadvertence or excusable neglect. So far as appears, it may, as it might do, have denied the motion in the exercise of its discretion, in which case this Court could not review its action. The burden is on the appellants to show error If they fail to do so, the judgment should be affirmed. The presumption is in favor of its correctness and validity.

If the appellants intended to assign as error that the Court based its order upon some particular erroneous ground they should have requested it to specify the ground of its decision, and the Court having done so they should have assigned error in that respect. If the Court had refused in such case to specify the ground, such refusal would have been erroneous.

Affirmed.