J. H. WHITE v. HANS REES' SONS.

(Filed 19 May, 1909.)

**Attorney and Client—Judgment—Excusable Neglect—Duty of Client.**

A person having a suit in court should at least give it such attention as a man of ordinary prudence would usually give to his important business; and when he and a firm of lawyers who represent him have been notified that his case will be called on a certain day of a term of court, and he did not attend and no one attended to represent him, and it does not appear that he had consulted with his lawyers or taken any other steps to protect his interests, excusable neglect to set aside a judgment rendered therein is not shown at a subsequent term by the fact that the member of the law firm having this matter especially in charge was too ill at the time to attend court.

MOTION heard by *Ward, J.,* at August Term, 1908, of MADI-SON, to set aside a judgment rendered by *Guion, J.,* at October Term, 1907. Motion refused; defendant appealed.

*Gudger & McElroy* for plaintiff.
*Davidson, Bourne & Parker* for defendants.

WALKER, J. This is a motion to set aside a judgment upon the ground of excusable neglect, under Revisal, sec. 513. It appears that the case was called for trial on Monday of October Term, 1907, and the defendants failed to appear in person or by counsel. The defendants and their counsel, a firm composed of three members, who resided in Asheville, were notified by telegram that the case would be called at all events on the next day—Tuesday. The member of the law firm who had special charge of the case was too sick to attend, but no sufficient excuse is shown for the failure of the other two members of the firm to attend, nor does it appear why the defendants did not attend the court. On Tuesday the case was called and tried. Judgment was rendered for the plaintiff. The defendants at the same time moved to set aside the judgment upon the very grounds now assigned, but did not prosecute their motion. There was an appeal at that time from the judgment, upon the merits of the case, to this Court, which was dismissed here under Rule 17. No further action was taken in the matter until August Term, 1908, nearly a year after the judgment was rendered. The court overruled the motion of the defendants to set aside the judgment, and the latter excepted and appealed. In no view of this case was there any excusable neglect. The attorney having special charge of the case was too ill to look after his clients' interests, but the defendants were in fault. They did not attend the court on Monday, and received special notice that their case would be tried on Tuesday. Why did they not consult with their counsel and attend that session of the court and at least ask for a continuance of the case? They had sufficient time to do so. "The least that can be expected of a person having a suit in court is that he shall give it that amount of attention which a man of ordinary prudence usually gives to his important business." Per *Rodman, J.,* in *Sluder v. Rollins,* 76 N.

C., 271. To the same effect are the cases of *Waddell v. Wood,* 64 N. C., 624; *Kerchner v. Baker,* 82 N. C., 169. As said by *Dillard, J.,* in *Kerchner v. Baker, supra,* "The course of the defendant was not the care of an ordinarily prudent man in reference to his own personal interests, nor was it consistent with the proper deference and attention due from the defendant and every suitor to the known and orderly course and practice of the courts in the administration of the law." The defendants have lost their rights, if they had any to protect, by their own inattention and inexcusable neglect.

We have not deemed it necessary to set out all the findings of fact made by the judge, which would, perhaps, present the case more strongly against the defendants than those we have briefly stated. It is sufficient to say that the judge, upon his findings, committed no error in law in adjudging that the defendants' neglect was inexcusable.

No Error.