NEILL McLEOD v. J. W. GOOCH ET AL.

(Filed 30 April, 1913.)

1. Motions — Judgments — Excusable Neglect—Findings of Fact— Record—Presumptions—Appeal and Error.

Upon appeal from the refusal of a motion to set aside a judgment for excusable neglect, the ruling of the Superior Court will be sustained when no facts are found by the judge upon which his ruling was based, the burden being upon the appellant to show error, and the presumption being in favor of the validity of the action of the lower court.

2. Same—Exceptions—Assignments of Error.

It is the duty of the party appealing from an adverse ruling of the trial court, upon his motion to set aside a judgment for excusable neglect, to have requested the court to find the facts upon which the ruling was based, or his exception aptly taken of record to a refusal to have done so at the appellant's request; and an assignment of error, which is no part of the record, but of the attorney in grouping the exceptions noted in the case on appeal, which merely states that the request was made and refused, unsupported by an exception of record, will not be considered on appeal. However, the Court has examined the appellant's affidavits upon which his motion was based, and holds that therefrom excusable neglect is not shown.

3. Attorney and Client; Duty of Client—Laches—Judgment by Default.

A party litigant should bestow upon his case that degree of care and attention which a man of ordinary business prudence usually gives to his important business, and the laches of his

McLeod v. Gooch.

attorneys in permitting a judgment by default to be taken therein against him is imputable to the client.

4. Parties—Motions—Agreements Upon Condition—Hearings—Notice—Court Officers—Laches.

Where the parties to an action have agreed that a motion to set aside a judgment for excusable neglect be heard on a specified day of a term of court, provided that the term held until then, and acting on this agreement the movant appeared after the adjournment of the court for the term, before which time and during the term, the court had refused to grant his motion, it is his own fault that he took the chances of the court's holding until the day thus specified; and his neglect will not be held as excusable on appeal; neither will it avail him that he relied upon notice from the officers of the court, for they are under no legal obligations in such matters.

APPEAL by plaintiff from *Peebles, J.,* at February Term, 1913, of GRANVILLE.

This is a motion to set aside a judgment upon the ground of "mistake, inadvertence, surprise, or excusable neglect," under Revisal, sec. 513. The facts are that plaintiff brought this action to November Term, 1910, for the recovery of a planing machine with its outfit, alleged to be unlawfully detained by defendant. He filed his complaint 10 January, 1911, and defendant answered 27 February, 1911. The cause was continued until April Term, 1912, when, plaintiff having failed to appear, the court submitted the cause to the jury, which were answered as follows:

1. Is the plaintiff the owner of the property described in the complaint? Answer: No.

2. What was the value of the milling machinery, planer, and other apparatus at the time of the seizure by the sheriff in the claim and delivery proceedings in this action? Answer: $275.

And entered judgment for the defendant upon the verdict.

Plaintiff moved to set aside the verdict and judgment, upon the ground of mistake, surprise, inadvertence, fraud, and excusable neglect, which motion the court refused, and plaintiff assigned the following errors:

1. To the signing of the judgment denying the motion to set aside the judgment rendered at April Term, 1912, and the judgment and order rendered at November Term, 1912.

McLEOD v. GOOCH.

2. Plaintiff excepts to the failure to set aside the judgment rendered at April Term, 1912, for the reason that said judgment was void and absolutely null, since defendant's answer was not verified as required by statute.

3. The plaintiff excepts to the judgment on the ground that the court failed and refused to find the facts and set them out in the case.

*Baggett & Baggett and D. C. Brummitt for plaintiff.*
*Graham & Devin for defendant.*

WALKER, J. There are no findings of fact in the record as to excusable neglect. The judge, at the hearing, merely denied the motion. In the absence of the findings, we must presume that the judge found such facts as would support his ruling, for we do not presume error, but the appellant must show it, the burden of doing so being upon him. If he wished to review the decision of the court, he should, in apt time, have requested a finding of the facts. *Albertson v. Terry,* 108 N. C., 75; *Hardware Co. v. Buhmann,* 159 N. C., 511. This is the well settled practice. The plaintiff, it is true, states in one of his assignments of error that such a request was made and refused, but an assignment of error, as we have repeatedly held, must be based upon an exception duly taken during the trial of an action or the hearing of a motion, and there is no such exception, and nothing in the record to show that the request was made and refused. "The preparation of the assignment of error is the work of the attorney for the appellant, and is not a part of the case on appeal, and its office is to group the exceptions noted in the case on appeal; and if there is an assignment of error not supported by an exception, it will be disregarded." *Worley v. Logging Co.,* 157 N. C., 490. We have, nevertheless, examined the affidavits filed by the plaintiff in support of his motion, and find nothing stated therein which tends to show a case of excusable neglect. The case was pending in the court nearly two years before the trial was had and the judgment rendered at April Term, 1912, and no steps were ever taken to ascertain when it would be called for trial. It

McLEOD *v.* GOOCH.

seems that plaintiff and his counsel relied on the clerk or some one else to notify them of the time, but there was no legal obligation resting upon any one to do so, and no request was made to the clerk or to opposing counsel to give the information, so far as appears, and no promise made by them, or either of them, to give seasonable notice of the time when the case would be reached in regular order on the calendar. The motion was first made before *Judge Whedbee,* to set aside the judgment, but plaintiff failed to appear at the time appointed for the hearing of the same, and he then moved before *Judge Peebles* to set aside the judgment and the former order of *Judge Whedbee* denying the first motion. The judgment was rendered at April Term, 1912, motion to set it aside made 10 July, 1912, nearly three months afterwards, and July Term, 1912, set for the hearing. The defendant did not appear in person or by counsel at that term, but the court allowed plaintiff time to file additional affidavits, and Tuesday of the next (November) term was set as the day for hearing the motion. It appears that plaintiff's counsel, by letter of 1 November, 1912, requested of defendant's counsel that the time for the hearing be changed to Wednesday, the 27th, and plaintiff's counsel agreed to this date, "if convenient to the judge," but insisted that the motion be heard during the term. The court adjourned on the 26th, the day first set for the hearing. If counsel of defendant had agreed unconditionally that the motion should be heard on the 27th, our decision might be different, but they did not, and plaintiff should not have relied upon the conditional promise, as he was warned by the terms of the letter that the term might end before the 27th, and if so, it would not be convenient to the judge to hear the motion, and he was further notified that if the court did adjourn before the 27th, "the matter would be disposed of" by the judge before adjournment. The terms of the letter gave the plaintiff full notice that his presence, or that of his attorney, was required on Tuesday of the term, in order to protect his interests, and that delay was dangerous. He should not have taken the chance of the court continuing in session until Wednesday, the 27th, in the circumstances; and having taken it and lost his day in court, he must abide the

McLEOD v. GOOCH.

consequences. He was making serious charges against the defendant, and should not have trusted to his favor or leniency. Defendant's counsel were as liberal towards him as he had a right to expect and as was consistent with their plain duty to their client. Plaintiff should have employed resident counsel to watch the calendar, or he should, at least, have seen that his nonresident counsel attended the court and remained on guard to take care of his interests, or, as another alternative, that he had a more definite agreement with plaintiff's counsel as to the time for the hearing. Instead of this, there was inattention and seeming indifference throughout the progress of the case. The undisputed facts do not show a case of excusable neglect. *White v. Rees,* 150 N. C., 678. A party has no right to abandon all active prosecution of his case simply because he has retained counsel to represent him in the court. We have held that he must bestow that attention and care upon it which a man of ordinary prudence usually gives to his important business. *Roberts v. Allman,* 106 N. C., 391.

It seems that the defendant has recovered judgment for about $215 more than, in law and good conscience, he is entitled to have, and plaintiff's application to be relieved of the judgment appeals strongly to our sense of justice and right. Defendant bought the machine for $250, paid $60, and now owes $190 on the price. He has a judgment for $275. Now, deducting the $60 paid by defendant, the latter has made a clear gain of $215, unless he pays the $190, and we infer that he is insolvent. Plaintiff has the property, to be sure, but he must pay $215 and the costs for the privilege of keeping it. It appears to be a very hard case, but by his own neglect he has deprived us of the power to help him by requiring the defendant to deal fairly and account for the price of the property, which he promised to pay at the time he received the machine and as a condition of acquiring the title thereto. This is taking the plaintiff's statement of the transaction between them. The defendant denies it, but the fact remains that he will receive far more than he has parted with. In law, however, he is entitled to keep it, because the plaintiff has slept soundly upon his rights, and the Court, therefore, cannot aid him. If he had been vigi-

lant as the defendant was, and as alert and enterprising, he would not have lost them. We are not now passing upon the merits, however. They may all be with the defendant, as the facts, perhaps, have not yet been fully disclosed.

The plaintiff contended that the judgment was irregular or taken contrary to the course and practice of the court, but he made no such point below, and the judge, therefore, has not passed upon it. This proceeding, though, will not bar him from moving to set aside the judgment upon the ground of irregularity, and have it vacated, if the facts and the law will sustain such action by the court. *Brock v. Scott,* 159 N. C., 513.

There was no error that we can discover in the rulings of the court upon the motions.

No error.