R. W. GRAY v. JOHN KING.

(Filed 10 November, 1920.)

**Judgments Set Aside—Defense—Default of Answer—Motions—Excusable Neglect—Laches.**

To set aside a judgment for excusable neglect, the movant must show a meritorious defense and a legal excuse for his laches, which he has not done when it appears that he was informed by the plaintiff that prior negotiations to compromise were ended; that complaint must be filed, by a certain time under the statute, a rejected offer by plaintiff of compliance with the compromise which had been declared off, and the final judgment for the want of an answer taken in the course and practice of the courts.

APPEAL by defendant from *Allen, J.,* from denial of motion to set aside a judgment, heard at Hillsboro, 8 September, 1919, from GRAN-VILLE.

This is a motion to set aside a judgment rendered at July Term, 1920, for mistake and excusable neglect. After hearing affidavits and arguments of counsel the court finds the following facts:

1. That on 18 November, 1919, the defendant offered to sell to plaintiff a certain tract of land in Granville County at $25 per acre, and the offer was accepted by T. Lanier, attorney for plaintiff.

2. That the defendant was not the owner of the said land, which fact was not then known to plaintiff or his attorney representing him, but it was a matter of record in Granville County, where said attorney lived, but in fact unknown to said Gray or his said attorney till after the trade was made.

3. That after this the defendant informed plaintiff that his wife would not sign a deed for the land at $25 an acre, and he could not deliver it, and then, after some efforts to settle it otherwise, it was agreed to settle at $30 per acre for five-sixths of the land (that being the wife's interest), Lanier representing the plaintiff and the defendant representing his wife, but nothing was done about this last agreement until after suit was commenced.

4. That on 18 February, 1920, the attorney, Lanier, wrote to defendant, withdrawing all offers of settlement (see letter of Lanier to King, 18 February, 1920).

5. That action was commenced on 24 February, 1920, and summons served 26 February, 1920, returnable 13 March, 1920.

6. On 24 February summons was issued in this action, returnable 13 March, and was served on defendant......February. On 8 March, defendant wrote Mr. Lanier asking that the case be put off two or three weeks in order that he might have a chance to look over the land, and stating that he had not employed an attorney (letter of 8 March). On

the 9th Mr. Lanier replied (letter of that date).: "If your answer is filed in time for the case to go on the docket for the April term of- court it will be all right. This will mean by the 25th of this month." No answer was filed, but on 23 March defendant wrote that he was sending deed for the five-sixth interest of his wife, with draft attached for price at $30 per acre. The deed was not accepted by plaintiff, and deed and draft were returned to defendant.

There was no. time limit fixed for the execution of said deed of 23 March, 1920.

7. That at one time during the negotiations or sale of the land, and before any action was in contemplation, the defendant agreed to pay said T. Lanier, attorney, $50 for some services rendered to him, knowing at the time that Lanier was representing Gray, the plaintiff.

8. That after action was commenced, the defendant did not consider Lanier his attorney, but after executing the last deed and sending it to Lanier he believed he had complied with his contract, and that it was not necessary to employ counsel, but he had full notice that the action would be prosecuted if no answer was filed.

Wherefore the motion to set aside the judgment is denied.

O. H. ALLEN,
Judge Presiding, Courts of Tenth Judicial District.

The defendant excepted and appealed.

*T. Lanier and D. G. Brummitt for plaintiff.*
*J. C. Biggs and Hicks & Stem for defendant.*

PER CURIAM. The defendant has shown that he had a meritorious defense to the cause of action alleged in the complaint, in that it appears from the record and the findings of his Honor that the contract sued on was abandoned by the plaintiff, and a new contract substituted in its place by the parties, which the defendant offered to perform according to its terms, but the defendant must, in addition, furnish legal excuse for his neglect in failing to appear and plead, and this he has not done. Negotiations had been carried on for several months for the purpose of settling the controversy, but on 18 February, 1920, six days before this action was instituted, counsel for the plaintiff wrote the defendant that all offers of settlement were withdrawn, and that he would commence action on the *original contract,* thus giving him notice not only that efforts to settle were at an end, but also of the exact cause of action that would be alleged.

The summons was served on the defendant in February, and although notified on 9 March that his answer must be filed by 25 March, he did not plead. On 23 March he sent to the plaintiff a deed, with draft

attached, in compliance with the substituted contract, but the deed was not accepted by the plaintiff, and was returned to the defendant.

It thus appears that defendant had notice on 19 February that offers of settlement were withdrawn, and that action would be brought on the original contract; that summons was served on him in February; that he was notified on 9 March that his answer must be filed by 25 March; that the deed which he tendered on 23 March was rejected, and still, with these facts before him, giving him full knowledge that the parties were at arm's length, he neither pleaded nor employed an attorney, and paid no further attention to the action until after the rendition of the judgment in July, when he moves to set it aside on account of excusable neglect.

This cannot be said to be a compliance with the rule which requires a party to an action to "bestow that attention and care upon it which a man of ordinary prudence usually gives to his important business." *McLeod v. Gooch,* 162 N. C., 126.

Affirmed.