### J. T. SHEPHERD v. J. RUFUS SHEPHERD ET AL.

(Filed 1 December, 1920.)

**1. Appeal and Error—Record—Findings—Judgments—Motions.**

In passing upon an appeal from the refusal of the Superior Court judge to set aside a judgment, his finding that the motion was solely based upon excusable neglect will preclude the further ground that the judgment was not regularly entered.

**2. Judgments—Motions—Excusable Neglect.**

It is inexcusable and gross neglect for a plaintiff to take out claim and delivery in his action, fail to file his complaint, and permit a judgment by default to be taken against him according to the course and practice of the courts; and his motion to set aside the judgment for excusable neglect therein will be denied.

**3. Appeal and Error—Objections and Exceptions—Judgments—Motions— Irregular Judgments—Evidence—Findings.**

Exception to the refusal of the Superior Court judge to consider the evidence on a motion to set aside a judgment, relating to its having been irregularly entered, or to grant the motion on that ground, should be taken at that time, with request that the judge find the necessary facts.

**4. Appeal and Error—Assignments of Error—Exceptions—Attorney and Client.**

It is necessary that assignments of error be based upon exceptions duly taken and in apt time, which it is the duty of appellant's attorneys to do, and an assignment of error not based upon an exception will not be considered on appeal.

APPEAL from *Lane, J.,* at July Term, 1920, of MONTGOMERY.

This is a motion to set aside a judgment for excusable neglect. The original motion was also based on another ground, it being that the judgment was irregularly taken, having been rendered contrary to the course and practice of the court, but the judge finds as a fact that at the hearing the only ground alleged was excusable neglect. He found the facts and refused to set aside the judgment.

The action was brought by the plaintiff to recover a five-passenger Overland automobile, and under claim and delivery proceedings the car was taken from the defendants and delivered to the plaintiff, who filed no complaint and paid no further attention to the case. Defendants answered by setting up a counterclaim based on false representations as to the condition of the car, and false warranty. Issues were submitted to the jury, and they found that plaintiff did not own the car; that he had made the false and fraudulent representations which deceived the defendants and induced them to exchange a mare with buggy and

harness and $250 "as boot," for the car, and assessed their damages at
$305.   Judgment was entered upon the verdict, and plaintiff appealed.

J. C. Sedberry and R. T. Poole for plaintiff.
J. A. Spence for defendants.

WALKER, J., after stating the case:   As the judge found as a fact that
plaintiff moved to set aside the judgment only upon the ground of ex-
cusable neglect, nothing else is before us.   It is so palpable that plaintiff
was guilty of inexcusable neglect, that it is unnecessary to discuss the evi-
dence and the findings.   The plaintiff obtained possession of the car
under the claim and delivery proceedings and seemed to think that
nothing more was required to be done by him.   He filed no complaint,
and did not attend court to look after his case, but left it to take care
of itself, having completely abandoned it.   He did retain an attorney,
but one who resided in another county, and who did not attend the court
at the term he knew the case had been calendared for trial.   Jernigan
v. Jernigan, 179 N. C., 237, and cases cited.   There was evidence that
he stated to a witness that if anything more was done in the case it must
be done by some one else, as he was not going to do anything.   It is no
wonder that his Honor, upon the evidence, found that plaintiff had been
negligent without any excuse for it, as it appears to have been a case of
gross negligence.   We have often held that a party to a suit in court
should give it such attention and care as a man of ordinary prudence
usually bestows upon his important business.   McLeod v. Gooch, 162
N. C., 122; Waddell v. Wood, 64 N. C., 624; Sluder v. Rollins, 76 N. C.,
271; Roberts v. Allman, 106 N. C., 391; Pepper v. Clegg, 132 N. C.,
312; Manning v. R. R., 122 N. C., 824; Norton v. McLaurin, 125 N. C.,
185; Lumber Co. v. Cottingham, 173 N. C., 323; Land Co. v. Wooten,
177 N. C., 248.   A recent case much in point is Jernigan v. Jernigan,
supra, which we have already cited for another purpose.

If defendant intended to insist on the ground that the judgment was
irregular, he should have made it known, or, at least, should distinctly
have excepted at the time, because the judge did not consider it or find
the facts in regard to it.   An assignment of error not based upon an
exception duly and properly taken is not sufficient.   The preparation
of the assignment of error is the work of the attorney for the appellant,
and is not a part of the case on appeal; and its office is to group the
exceptions noted in the case on appeal; and if there is an assignment of
error not supported by an exception, it will be disregarded.   Worley v.
Logging Co., 157 N. C., 490; McLeod v. Gooch, 162 N. C., at p. 124;
Harrison v. Dill, 169 N. C., 542-544.   If a party desires any special
facts to be found, he should request it; otherwise, we presume the judge

found such facts as will support the judgment. *Albertson v. Terry,* 108 N. C., 75; *Hardware Co. v. Buhmann,* 159 N. C., 511; *McLeod v. Gooch,* 162 N. C., at p. 124.

The plaintiff has lost his rights, if he had any, by his own laches, and has himself to blame for the result.

Affirmed.