## HAMBY v. CALLAHAN CONSTRUCTION COMPANY.

### (Filed 3 June, 1925.)

**Appeal and Error—Rules of Court—Dismissal—Reinstatement—Laches.**

It is imperative that appellants observe the rules of court regulating appeals in order to preserve this right, and where the appellant and appellee have agreed as to the time for serving case and countercase or exceptions, the mere fact that the appellant afterwards thought he had a longer time for the purpose than that agreed upon is no ground for his motion to reinstate his case after its dismissal under the rules.

Motions to reinstate defendant's appeal and for *certiorari*.

*W. R. Bauguess for defendant, petitioner.*
*T. C. Bowie for plaintiff, respondent.*

STACY, C. J. This case was tried at the July Term, 1924, ASHE Superior Court. From a verdict and judgment in favor of plaintiff for $500, the defendant gave notice of appeal to the Supreme Court.

The defendant was allowed thirty days to prepare and serve its statement of case on appeal, and the plaintiff was allowed thirty days thereafter to serve his exceptions or countercase. Appellant failed to serve its case within the time allowed, because it was under the impression that the extension was for forty-five days instead of thirty days; no appeal bond was filed as required by law; the case was not brought to the next succeeding term of this Court; motion to dismiss for failure to comply with Rules 24 and 28 was allowed 31 March, 1925; motion to reinstate was denied 12 May, 1925. This is the second motion to reinstate and for *certiorari*. No valid excuse is given for failure to comply with the rules.

It is patent from a bare recital of the facts that the motion and application must be denied. *S. v. Farmer,* 188 N. C., 243; *Byrd v. Southerland,* 186 N. C., 384. To discuss the case would only be to elaborate the obvious. *Cui bono?* When litigants resort to the judiciary for the settlement of their disputes they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts properly to discharge their duties. We are not permitted to abandon the rules of practice nor will they be construed so as to favor the negligent and penalize the diligent party. *Battle v. Mercer,* 188 N. C., 116.

Motions denied.