W. W. MEECE v. COMMERCIAL CREDIT COMPANY.

(Filed 15 June, 1931.)

**Judgments K d—Judgment by default may be set aside by defendant without fault who has employed counsel of another county to appear therein.**

　　Where a defendant has employed a licensed, reputable attorney of good standing, residing in one county of the State, to defend an action brought in another county, and has put him in possession of the facts constituting his defense, and the attorney has prepared and duly filed an answer, and the case has been calendared and called for trial without notice to the defendant or his attorney: *Held,* upon a judgment being obtained by default against the defendant, the defendant may, upon his motion aptly made, have the judgment set aside for surprise, excusable neglect, etc., upon a showing of a meritorious defense, the negligence of the attorney, if any, not being imputed to the client, and the latter being without fault. C. S., 600.

STACY, C. J., dissenting; ADAMS, J., concurs in dissent.

CIVIL ACTION, before *Harwood, Special Judge,* at January Term, 1931, of CHEROKEE.

The necessary facts appear in the judgment and findings of fact upon which it is based. Said judgment is as follows:

"The motion of the defendant in the above-entitled cause to have set aside the judgment obtained through mistake, surprise, inadvertence and excusable neglect, coming on to be heard before Hon. J. H. Harwood, judge holding the January Term, 1931, of said Superior Court, and being heard upon the petition of defendant, with exhibits thereto, the affidavit of Henry E. Fisher, and the answer of plaintiff to said petition, the Court finds the following facts, and enters the following judgment, to wit:

(1) That the plaintiff instituted the above cause on 19 September, 1930, and filed his complaint therein; and summons in said action was served on defendant at its office in Mecklenburg County, North Carolina, by the sheriff of Mecklenburg County on 19 September, 1930.

(2) That said defendant promptly employed Henry E. Fisher, a duly licensed, reputable attorney of Charlotte, N. C., to draft and file answer in said cause, and to go to Cherokee County, where said action was pending, and represent the defendant therein; that said defendant gave to said attorney the facts necessary for drafting answer; that said attorney, in apt time, filed said answer, mailing same to the clerk of said court, and at the same time wrote plaintiff's counsel of the filing of the said answer, as set out in said Fisher's affidavit in this cause; that the defendant inquired of its said attorney if there was anything else it could do in said case, after having given said attorney the names and addresses of its witnesses and said attorney stated that there was nothing else to be done, and that he would notify the defendant when said case should be reached for trial so it could have its witnesses present and make defense to said action; that the defendant relied upon said attorney's advice and did nothing else, as it knew of nothing else it could do.

(3) That said Henry E. Fisher, at said time was, and now is, duly licensed to practice his profession, by authority of the Supreme Court, in the courts of all counties in this State, and after having filed said answer on which his name appeared alone as counsel, he expected or anticipated the clerk would mail him a copy of the court calendar when said cause was placed thereon, as such was the practice, in regard to nonresident lawyers, in Mecklenburg and other counties in which said attorney appeared.

That said case was calendared for trial at the November Term, 1930, of said Superior Court, but was continued, of which defendant and its counsel had no notice; that same was again calendared at the January Term, 1931, without notice whatever to defendant or its counsel, and was tried in his absence as well as that of the defendant

and its witnesses, on the pleadings and evidence offered by plaintiff; that said pleadings, the issues and judgment, set forth as exhibits in defendant's petition, are here referred to and made a part of this judgment.

(4) That neither the defendant nor the defendant's counsel requested of plaintiff, his counsel or of the clerk of said court, copy of calendars which might show said cause for trial, and no inquiry was made by the defendant or its attorney after the filing of the answer.

(5) That within a few days after said action was tried, and upon notice thereof, and of the plaintiff obtaining said judgment, defendant promptly filed its motion to have said judgment vacated and set aside under C. S., 600; that had said defendant, or its counsel, received notice of the calendaring of said action for trial they would have attended and defended said action; defendant's counsel could have been reached by telegraph or telephone and would have attended within a few hours after notice and presented defense to said action.

(6) The court further finds as a fact that the defendant's answer sets out a good and meritorious defense to said action.

The defendant, having employed reputable counsel, duly licensed by the Supreme Court to practice law in all the courts of this State, and having disclosed all the facts necessary to its defense, and said attorney having accepted employment by making an appearance in said cause, and by agreeing with the defendant to go to Cherokee County and represent defendant therein, and no negligence being disclosed on the part of the defendant, but it appearing that defendant had done all that a reasonably prudent-minded person should have done.

Therefore, it is ordered and directed by the court that the judgment entered at the January Term, 1931, in said cause be, and the same is hereby vacated, annulled, and set aside, and a new trial of said action is ordered.

Witness Honorable J. H. Harwood, judge presiding, March-April Term, 1931, of said Superior Court.   J. H. HARWOOD, *Judge Presiding.*"

*J. D. Mallonee and Moody & Moody for plaintiff.*
*Hill & Gray for defendant.*

BROGDEN, J. The facts set out in the judgment bring the case squarely within the principles of law announced in *Sutherland v. McLean,* 199 N. C., 345. The divergent views of the law upon the subject were fully set forth therein, and it is not deemed necessary to beat the same old brush with the same old stick to run out the same old rabbit for another chase.

Affirmed.

STACY, C. J., dissenting: This case marks the extreme swing of the pendulum in the interpretation of C. S., 600. It carries *Sutherland v. McLean,* 199 N. C., 345, 154 S. E., 662, to its severest implications. My brethren and I have studied the same books and learned different lessons; read the same lines and construed them not alike. But, then, it is said: Times change and with them we change. *Tempora mutantur, nos et mutantur in illis.* This is true, but not all change is progress.

The present decision is destined soon or late to be overruled, as it ought to be, or else silently to take its place among those cases which are consistently overlooked or forgotten, or, failing in both of these, it may continually rise up to plague the diligent practitioner. It certainly is at variance with the maxim *"vigilantibus et non dormientibus subvenit lex,"* so often quoted with approval in our Reports. *Battle v. Mercer,* 188 N. C., 116, 123 S. E., 258; *Pierce v. Eller,* 167 N. C., 672, 83 S. E., 758; *School v. Peirce,* 163 N. C., 424, 79 S. E., 687; *Pepper v. Clegg,* 132 N. C., 312, 43 S. E., 906; *Sluder v. Rollins,* 76 N. C., 271.

Without legislative sanction, it adopts the "Courtesy Rule of Practice in Mecklenburg" as the law of the State, and in a sense may be said to constitute a new "Declaration of Independence" for defendants. Heretofore it has been thought that the statute under review dealt with the rights of litigants and not with the amenities of counsel. *Manning v. R. R.,* 122 N. C., 824, 28 S. E., 963; *Kerchner v. Baker,* 82 N. C., 169; *Waddell v. Wood,* 64 N. C., 624. And see *White v. Rees,* 150 N. C., 678, 64 S. E., 777, followed by *Hunter v. R. R.,* 163 N. C., 281, 79 S. E., 610, where illness of counsel was held insufficient to establish "excusable neglect" under the statute. The law is the standard or plumb line set in the midst of the people for their protection and guidance. It is essential that its application should be uniform. It cares for all sorts and conditions of men.

By comparison the following, first from *McLeod v. Gooch,* 162 N. C., 122, 78 S. E., 4, and, second, from *Hamby v. Const. Co.,* 189 N. C., 747, 128 S. E., 146, though written only a short time ago, stand out in bold relief:

First, "A party has no right to abandon all active prosecution of his case simply because he has retained counsel to represent him in the court."

Second, "We are not permitted to abandon the rules of practice, nor will they be construed so as to favor the negligent and penalize the diligent party."

To like effect are the numerous decisions collected in the dissenting opinion in the case of *Sutherland v. McLean, supra.*

The difficulty with the position of the majority is, that it overlooks the statutory rights of the plaintiff and creates a hiatus in the law. The

plaintiff and his counsel did all that the law requires of them. The clerk of the Superior Court of Cherokee County is guilty of no dereliction of duty. The case was docketed and tried according to the usual course and practice of the court. No other practice prevails in Cherokee County, and yet the plaintiff is denied his judgment, without fault on his part, and without notice of any contrary mode of procedure existing elsewhere.

The trial court finds that "defendant's counsel could have been reached by telegraph or telephone." Presumably like connection could have been had in the opposite direction, and perhaps the defendant has a telephone in its place of business. But aside from this, the orderly processes of the law were duly followed by the plaintiff, his counsel and the officers of the court. Why hold the plaintiff to a practice of which he had no knowledge and took no part in establishing, and at the same time grant to the defendant a privilege not accorded by law? "The employment of counsel does not excuse the client from proper attention to his case." *Grandy v. Products Co.,* 175 N. C., 511, 95 S. E., 914.

The defendant is not represented in this Court by the same counsel who filed its answer. Would it be possible, then, for it to defeat the rights of the plaintiff indefinitely by changing counsel from term to term? Note: The practice in Mecklenburg, as appears from the record, is for the clerk to mail copy of calendar to nonresident counsel, not litigants.

A lawsuit is not a social function which is governed entirely by the rules of etiquette. *Lex non favet delicatorum votis.*

The instant decision raises this question: Under the law as now written, when a defendant, duly served with process, employs a lawyer anywhere in North Carolina to look after his defense, who simply files answer and does no more, can the plaintiff obtain a valid judgment in such case without further notice to the defendant of the hearing?

ADAMS, J., concurs in dissenting opinion.